THE PEOPLE, *ex rel.* the Attorney General, Appellants, *v.* DAVID CLINGAN, Respondent.

In *quo warranto*, the person who claimed the office held by the defendant, testified that his certificate of election was lost or destroyed, and the County Clerk swore that there was not in his office, or, so far as he knew, in the county, any record or written evidence of the persons who were elected to the different county offices. *Held*, that this testimony was sufficient to let in secondary evidence of the election and certificate.

The evidence was sufficient to show that proper search had been made for the highest evidence.

The testimony of the County Judge, who stated that he saw the certificate of election, was admissible, to prove its contents.

It was also proper to ask the County Clerk if he knew who had been elected to the office in controversy.

Where it appeared that the claimant of the office had acted as Sheriff, that being the office in controversy, that fact, together with the certificate of election, would raise the presumption, that he had executed his bond and taken the oath of office.

Where the people of the State are appellants, it is not necessary to file the usual undertaking on appeal.

Appeal from the District Court of the Seventh Judicial District, Marin County.

The facts material to the points decided appear in the opinion of the Court.

*J. R. McConnell,* Attorney General, for Appellant.

*John Satterlee,* for Respondent.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., and BRYAN, J., concurred.

This was an information in the nature of a *quo warranto* filed by the Attorney General against David Clingan, who claimed to exercise the duties of Sheriff of Marin County.

On the trial of the cause in the Court below, the Attorney General offered as a witness one James T. Stocker, who claimed the office by virtue of an election, and who testified that his certificate of election was lost or destroyed. Upon this, the testimony of the County Judge, who deposed that he had seen said certificate, was offered to prove its contents; which testimony was excluded. The evidence of the County Clerk was also offered, who swore that there was not in his office, or so far as he knew, in the county, any record or written evidence of the persons who were elected to the different County Offices, &c.; upon which, the plaintiff asked the witness if he knew who was elected, and also, if he knew who was generally reputed by the people of said county to have been elected Sheriff at said election; which questions were objected to by the defendant, and the objection was sustained by the Court.

It is said that the last two questions were improper, because the Clerk should have been first asked if he had searched for the written evidences of Stocker's election.

In laying the predicate for the admission of secondary evidence, to prove the contents of written documents, it is usual to ask the witness if he has made diligent search for them, in the places where they are generally to be found; but in the present case, the positive testimony that the documents or records were not in the office, would raise the legal presumption, that the witness had searched for them, unless it should be made to appear from his testimony that such was not the fact.

The oath is stronger than the practice or the law requires; for instead of swearing that he has made diligent search, a fact from which the non-existence of the paper does not absolutely arise, he swears that

the paper is not there; and how could he testify to this, unless he had made more than a diligent search.

The refusal to admit the testimony of the County Judge, to show the contents of the certificate of election, was also error. The defendant had supplied the evidence by his own witness, that Stocker was acting as Sheriff of Marin County, which circumstance, together with the certificate of election, would raise the presumption that he had executed his bond and taken the oath of office; at least it was not necessary to prove this, until he had established the certificate, on the back of which, the oath of office is required to be endorsed, and the natural order of proof would seem to be, 1st, The certificate; 2d, The oath; 3d, The bond.

Several objections are taken by the respondent to the mode in which this appeal is brought before us, all of which have been settled by the practice of this Court. The objection, that there is no undertaking filed, cannot apply in a case like the present. No right of the defendant is infringed, and a state cannot be denied a hearing in her own Courts because no bond has been filed for costs; besides, a fund has been provided by law for such cases, so that the respondent has ample indemnity.

Judgment reversed, and new trial ordered.