Mr. Justice Westcott
delivered the opinion of the court.
The defendant in error in this case moves to dismiss the writ of error, upon the ground that the State has failed to give the statutory, bond. It-is insisted by defendant in error that while there may not be a judgment against the Stale without her consent given in a legal manner, still the State, when she enters her own courts as a plaintiff seeking judicial remedies, paust conform to the general statutory , requirements of practice which she has prescribed by the legislation controlling the subject.
'. On. the other hand, the State here insists that the statute, construed according to the. rules of construction prevailing in other courts in cases of like nature, must be held not to embrace the State. Again it is insisted, no provision being made by the Legislature authorizing any officer to give *63 a bond, that to give such a construction to the act as requires a bond from, the State, would result in a denial of' justice to the State, would be to require of it something which it cannot do, and to make it impossible under existing statutes for the State to sue out a writ of error in any case. A construction attended with such consequences, it is contended, should not be given.
We do not think the general statute controlling the subject of costs in writs of error regulates the right • of the defendant in-error, where the State prosecutes such writ. Looking to all of the legislation of this State upon the subject of costs, the only reasonable constructic(n to be given to this statute is such as will not embrace the State in its provisions. This is a general statute not naming the State. It requires generally a payment of costs accrued * and a ‘bond for costs to accrue of the original plaintiff prosecuting the writ. There are particular statutes naming the State which regulate the matter of costs in State cases, civil and criminal. By them the rights of a defendant in error as to costs against the State are' secured, and the method 'of their collection is prescribed. These statutes control this subject. They require .no bond of the State, for costs in any judicial proceeding;’ They prescribe another and different right and remedy as to costs, and con- ' stitute the measure of the obligation and duty of the State, as well is the measure of the. right of parties engaged in litigation with it.
It is the rule of the common law that costs are payable, by each party during the progress of the cause. This rqle .as to services performed for the State in its own courts does not prevail, because the statutes regulating the matter provide for an auditing of verified accounts by the Comptrbl-‘ler and their payment by the Treasurer upon warrant. So also this rule of practice prescribed by a general law requiring bond 'for costs is not applicable to the State, as there are other statutes prescribing other methods of obtaining, costs of the State when she is liable therefor. We find but one case covering the question, and that sustains the conclusion we reach. (6 Cal., 389.)
Motion denied.