T. W. HARRISON v. J. P. STEBBINS, E. P. BARRINGER, JAMES HAND, W. H. HARRISON, and MYLES McNALLY, Members of the Board of Supervisors of Palo Alto County, Iowa, Appellants.

Appeal: COUNTY: *Supersedeas.* An appeal from a judgment against a county does not operate as a stay of proceedings thereon without the filing of a supersedeas bond, as Code, section 4126, providing that no proceedings under a judgment shall be stayed by an appeal unless the appellant executes and files a bond makes no exceptions, and the only exemptions from furnishing security is that made by section 3475 in favor of the state. Citing *People v. Clingan,* 5 Cal. 389; *McClay v. Lincoln,* 32 Neb. 412 (49 N. W. Rep. 282).

*Appeal from Palo Alto District Court.* — HON. W. B. QUARTON, Judge.

MONDAY, JANUARY 24, 1898.

ACTION to compel the board of supervisors of Palo Alto county to levy a tax from which to pay plaintiff's judgment against said county. The defendants interposed the defense that an appeal had been taken to the supreme court, though no supersedeas bond had been filed. A motion for judgment having been sustained, and judgment entered as prayed, the defendant's appeal. —*Affirmed.*

*John Menzies,* county attorney, and *Soper, Allen & Morling* for appellants.

*T. W. Harrison* and *McCarty & Linderman* for appellee.

LADD, J.—Does an appeal from a judgment against a county operate as a stay of proceedings thereon without the filing of a supersedeas bond? Section 4128 of the Code provides that "no proceedings under a judgment or order, nor any part thereof, shall be stayed by an appeal, unless, the appellant executes a bond with one or more sureties, to be filed with and approved by the clerk, of the court in which the judgment or order was rendered or made," and conditioned as therein set out. No exception is made of any litigant, and the only exemption from furnishing security is that of section 3475, providing: "The state may maintain actions in the same manner as natural persons, but no security shall be required in such cases." The fact that the state is excepted would indicate that others are not. The sections relating to stay of proceedings are a part of chapter 2 of title 20, which

includes the procedure in the supreme court in all cases, and it seems that municipalities might, with as much reason, claim exemption from some of the other provisions as this. The bond is purely statutory, as the writ of error at common law operated as a stay of proceedings by implication, and its purpose is quite as much to protect the appellee against vexatious litigation as the expenses incident to the appeal. While it has been held that the state is not within the contemplation of such statutes, our attention has not been called to any authority extending this exemption to counties and municipal corporations. See *People v. Clingan,* 5 Cal. 389. In *McClay v. City of Lincoln,* 32 Neb. 412 (49 N. W. Rep. 282), the supreme court of Nebraska holds that statutes exempting political corporations from the requirement of giving appeal bonds do not violate the constitutional provisions prohibiting special legislation, and Cobb, C. J., in delivering the opinion of the court, remarks: "The rule is that, in order to bind cities by law like the one under consideration, the city or any branch of the sovereignty shall be specially named; otherwise it is exempt." Then some very good reasons are given for not requiring bonds in such cases. A similar decision will be found in *Holmes v. Mattoon,* 111 Ill. 28 (53 Am. Rep. 602). In so far as these opinions refer to the rule as applied to the state or government, they cannot be doubted, but, as before remarked, our attention has not been called to any authority extending it to counties or municipalities. In many of the states public corporations, and persons acting in a trust capacity, are exempt from giving appeal bonds, by the express provisions of the statute; and the tendency of judicial construction has been not to extend these by implication, as they are exceptions to the general policy of the law protecting the appellee. *Von Schmidt v. Widber,* 99 Cal. 511 (32 Pac. Rep. 532); *State v. Judge of Third Dist.,* 18 La. 444; 1 Enc. Pl. & Prac. 968. The

entity of the county is distinct from that of the state, though included in it, and existing for the purpose of carrying out its powers; and while the reasons for exempting the former from giving supersedeas bonds in order to stay proceedings on judgments, pending appeal, are cogent, and possibly unanswerable, they appeal to the lawmakers for appropriate legislation, rather than to the courts for the ingrafting of exceptions not intended. The very wording of our statute precludes any exception, and the provision exempting the state excludes all others.—AFFIRMED.