104 So.2d 70 (1958)
CITY OF MIAMI, a municipal corporation, Appellant,
v.
Blanche T. LEWIS, Appellee.
No. 58-183.
District Court of Appeal of Florida. Third District.
June 24, 1958.
Rehearing Denied July 25, 1958.
*72 William L. Pallot, City Attorney, and James J. McVeigh, Asst. City Atty., Miami, for appellant.
Olavi M. Hendrickson, Miami, for appellee.
PER CURIAM.
The appellant, City of Miami, seeks review of an order of the Civil Court of Record of Dade County requiring it to post bond to supersede a judgment on appeal in this court. The question raised by the motion is whether a municipal corporation is a political subdivision of the state within the meaning of § 59.14, Fla. Stat., F.S.A., and therefore exempt from the requirement of posting supersedeas bond to stay the enforcement or execution of an adverse judgment. The answer to this question lies principally in the interpretation and application of the provisions of § 59.14, supra. This statute provides, inter alia:
"(1) When security not required.  When the state or any of its political subdivisions, or any officer, board, commission, or other public body of the state or any of its political subdivisions, in a purely official capacity, takes an appeal, the filing of the notice of appeal shall perfect the same and stay the execution or performance of the judgment, decree, or order appealed from, and no supersedeas bond need be given unless expressly required by the appellate court.
"(2) Appellate court may require bond.  The appellate court may, on motion for good cause shown, require a supersedeas bond or other security, in such amount, form and manner as it may prescribe as a condition for the further prosecution of the appeal."
Section 59.14, supra, was revised in 1945 to include "the state or any of its political subdivisions, in a purely official capacity * * *." Prior to the revision, only constitutional officers of the state, boards of county commission and boards of public instruction of the various counties were exempt from furnishing supersedeas bond pending appeal. From a reading of the revised statute in comparison with its predecessor, it becomes apparent that the legislature intended to broaden the scope of the exemption to "other public bodies of the state and any of its political subdivisions." Section 1.01(10), Fla. Stat., F.S.A. (definitions) provides:
"The words `public body', `body politic' or `political subdivision' include counties, cities, towns, villages, * * *."
To the extent that governmental functions are discharged within a prescribed area and consistent with its grant of authority, a municipal corporation exercises the attributes of sovereignty and as such is a political subdivision or arm of the state. See Loeb v. City of Jacksonville, 101 Fla. 429, 134 So. 205, 207, 79 A.L.R. 459. The Constitution of Florida, § 1, Art. 8, F.S.A., specifically designates counties as political subdivisions of the state. Section 8, Art. 8, authorizes the legislature to establish municipalities. Therefore, we see that counties derive their status as political subdivisions of the state through constitutional designation whereas the cities or municipalities are creatures of the statutes. The fact that the latter is a creation by legislative enactment makes it nonetheless, within its restricted orbit, as much a political subdivision of the state as the former. The parentage might be different but the general purpose of local government is the same. In City of Miami v. Rosen, 151 Fla. 677, 10 So.2d 307, 309, the Supreme Court said, in comparing counties and municipalities:

*73 "Municipalities in Florida are not subdivisions of the State as are counties."
In comparison to the degree of sovereignty exercised, the counties exercise greater sovereignty than the municipalities. In turn, the state, as the sovereign, would exercise more governmental authority than the counties. If the legislature intended to exempt only those political subdivisions constitutionally created, then we feel that they would have so provided. However, where the legislative effort was apparently to broaden the exemptions formerly granted, we cannot but feel that they intended to and included municipalities within the purview of political subdivisions of the state.
The appellee points out that § 59.14, supra, refers to appeals taken "in a purely official capacity" and reasons that the exemption, if any, would only apply in those instances where a governmental function as distinguished from a proprietary function was being exercised. In the case at bar, the appellant was found liable for failing to keep a sidewalk in a reasonably safe condition, admittedly a proprietary function of a municipal corporation. Woods v. City of Palatka, Fla. 1953, 63 So.2d 636. The fallacy of appellee's argument lies in the attempt to differentiate between governmental and proprietary functions of a municipal corporation as it relates to substantive liability. The question at issue here is procedural and is not determined by the identity of the function performed but whether the function, regardless of name, was in the official capacity of the political subdivision. The appellant was sued, defended and liability was imposed in its official capacity and it is now seeking a review in this same capacity. Section 59.14, supra, makes no distinction between governmental and proprietary functions as determinative of whether the exemption from bond can be claimed.
The court below relied upon the provisions of § 64.04, Fla. Stat., F.S.A., as authorizing supersedeas bond without surety. This section has no application to the facts presented in this appeal. Section 64.04, supra, provides that a municipality shall not be required to furnish surety on any judicial bond "required by any law of this state, or order of court, in any legal proceedings in which it may be a party." When this section is read in conjunction with the later expression of the legislature in § 59.14, supra, it becomes apparent that the authority of the trial court to require supersedeas of a municipality has been withdrawn. This right now vests exclusively in the appellate court by reason of the specific provisions of § 59.14(2), supra. We do not find the two statutes to be in conflict. The express power granted to the appellate court in § 59.14(2), supra, limits the general application of § 64.04, supra.
Accordingly, we conclude that the filing of the notice of appeal by the City of Miami was sufficient to stay the effect of the final judgment without the necessity of a supersedeas bond.
The motion is granted and the supersedeas order and bond filed thereunder are hereby vacated and held for naught.
CARROLL, CHAS., C.J., and HORTON and PEARSON, JJ., concur.