PEARSON, TILLMAN, Chief Judge.
The appellee has moved to dismiss this appeal upon the ground that the appellant, plaintiff in the trial court, has not paid the costs taxed against it and has not assigned as error the taxation of costs and superseded the judgment taxing the same.[1]
This case involves the application of the rule to unusual circumstances and we have determined that an opinion is appropriate upon this Order Granting Motion to Dismiss.
The appellant, City of Miami, was the plaintiff in an action in the Civil Court of Record, wherein the city sought to recover from the appellee Lillian Crumpton Murphy for her alleged negligence in the operation of a motor vehicle resulting in a collision whereby the defendant city sustained damage to one of its motor vehicles and a directional sign.
The defendant, Murphy, thereafter filed a counterclaim alleging the negligence of the city’s employee who was involved in the accident and claiming damages beyond, the jurisdictional limit of the Civil Court of Record. Upon motion of the counterclaim-ant, the cause was transferred to the circuit court. The order of transfer required the payment of the necessary filing fees in the circuit court by the moving party, Lil-li'an■'Crumpton Murphy. Defendant and counterclaimant, Murphy, paid the fee required and the cause was docketed in the circuit court. Thereafter, upon trial of the complaint and counterclaim, the counter-claimant recovered a substantial judgment against the city. Costs were taxed against the city. These costs were made the subject of a separate judgment entered 13 days after the final judgment, but prior to the notice of appeal.
The City of Miami filed timely notice of appeal and because of the provisions of Florida Statute, § 59.14,[2] was not required to post a bond in order to supersede the judgment. The city did not assign as error the taxation of costs.
The appellee urges that it has a right to dismissal under Florida Appellate Rule 3.2 (f),[3] and the decision of the Supreme Court of Florida in Bredin v. Bredin, Fla.1959, 111 So.2d 265, 266.
The city responds that it is against the meaning and intent of the rule to consider the city as “the original plaintiff” on this appeal, because a new action was, in effect, created by the counterclaim and transferred to the circuit court where the counterclaim was the principal matter litigated. It is pointed out that the transfer was accomplished upon the motion of the counterclaimant and by the payment of the *363 filing fee in the circuit court by the counter claimant. It is urged that she, thereupon, assumed the role of plaintiff. The city cannot prevail upon this argument because of the clear words of the rule which refer to an original plaintiff. The meaning of “the original plaintiff” has been decided in the Bredin case above cited, where the Supreme Court defined, “the original plaintiff” as “the party who originates or institutes the lawsuit by the filing of the complaint”. See also Bower v. Bower, Fla.1952, 55 So.2d 797. The circumstance of the transfer to a different court of the same complaint cannot be said to have reversed the positions of the plaintiff and defendant, inasmuch as it is clear that the transfer was of a pending cause.[4]
It was held in State v. Rushing, 17 Fla. 223, in interpreting a statute similar to Section 59.09, Fla.Stat., F.S.A., that the state is not required to give bond when it prosecutes a writ of error, and that the state does not come within the purview of the statute requiring an original plaintiff to pay costs. See also Corneal v. State Plant Board, Fla.1958, 101 So.2d 371, 72 A.L.R.2d 1376 where it was held an agency of the state is not liable for costs in the absence of statute.
Although the position is not urged by the appellant, it may be pointed out that a municipality is not such an agency of the state so as to be entitled to the benefit of the rule that the state is not liable as a party in its own courts for costs in the absence of an express statute creating such liability. See Goodwin v. City of Jacksonville, 155 Fla. 729, 21 So.2d 209.
It is next urged by the city that it is relieved of the effect of the rule by section 59.14, supra. We cannot agree that this statute has the effect urged because the rule requiring dismissal for nonpayment of costs by an original plaintiff sets forth two things which must be done, if costs are not paid, in order to avoid dismissal. First, the taxation of costs must be assigned as error and, second, the order taxing costs must be superseded. The filing of the notice of appeal by the city operated as a supersedeas without the necessity of a su-persedeas bond,[5] but the city was not relieved of the further requirement of assigning the taxation of costs as error.
It is, therefore, necessary to dismiss this appeal and it is so ordered.
Motion granted.

. Florida Appellate Rules — Rule 3.2(f), 31 F.S.A.
“Payment of Costs by Original Plaintiff. No appeal may be taken by the original plaintiff in any suit or proceeding until he shall have first paid all costs ■that have accrued in or. about the suit, and have been specifically taxed against him, up to the time the appeal is taken;provided, that nothing contained herein shall require the prepayment of costs by the original plaintiff when he has assigned as error the taxation of costs and has superseded the order, judgment or decree specifically taxing the same.”

. Section 59.14, Fla.Stat., F.S.A.
“Supersedeas bond not required of the ..state and its political subdivisions and their boards, commissions, etc.; security when required.
“(1) When security not required.— When the state or any of its political subdivisions, or any officer, board, commission, or other public body of the state or any of its political subdivisions, in a purely official' capacity, takes an appeal,. the filing of the notice of appeal shall perfect the same and. stay the execution or performance of 'the judgment, decree, or order appealed from, and no supersedeas bond need be given unless expressly required by the appellate court.
“(2) Appellate court may require bond. —The appellate court may, on motion for good cause shown, require a super-sedeas bond or other security, in such amount, form and manner as it may prescribe as a condition for the further prosecution of the appeal.”

. See footnote 1, supra.

. Rule 1.13(10) Florida Rules of Civil Procedure, 30 F.S.A.
“Demand Exceeding Jurisdiction; Transfer of Cause. Should the demand of any counterclaim exceed the jurisdiction of the court wherein the suit is pending, the said suit shall be forthwith transferred -to the court of the same county having jurisdiction of the demand in the said counterclaim mentioned, with only such alterations in the pleadings as ; shall be essential. In such case, an order shall be made by the court .for the transfer of the suit and the transmission of all papers therein to the proper court and thereupon the originals of all such papers shall be transmitted and filed, together with a certified or attested copy of the order of transfer and transmissal. The court to which transferred shall have full power and jurisdiction over the demands of both the defendant and the plaintiff in the said suit and may adjudicate the same and enter judgment or decree thereon.”

. City of Miami v. Lewis, Fla.App.1958, 104 So.2d 70.