STURGIS, Chief Judge.
The landowners (appellees) in this condemnation proceeding move to dismiss the *35 appeal of the State Road Department of Florida from the final judgment herein on the ground that it has failed to pay certain court costs, consisting of the amount awarded by the final judgment to appellees for the services of their attorneys in said cause. The motion is denied.
Having bearing upon but not controlling our conclusion is the fact that prior to the trial of the issue of just compensation for the taking, the state acquired title to the subject property pursuant to Chapter 74, Florida Statutes, F.S.A., and incident thereto deposited in the registry of the trial court for application on the amount awarded to appellees a sum of money which exceeds the total sum, including costs, payable to appellees by virtue of the judgment appealed, the pertinent provision relating to costs being as follows:
“ * * * the Clerk of the above-styled Court is hereby ordered and directed to pay from the funds heretofore deposited in the Registry of the Court by the Petitioner, the sums so stated above [attorney’s fees awarded] to the aforementioned Defendants. * * ”
Appellees have taken no affirmative steps to obtain from the clerk the fee thus awarded and ordered to be paid, the right to which is not challenged by appellant. Appellees’ motion to dismiss rests, therefore, on the highly technical premise that the rules of practice, and the statutory and case law of this state, preclude the maintenance of this appeal because the appellant (State Road Department of Florida) did not prior to appeal assume the burden and see to it that there was actually placed in appellees’ hands the mentioned attorney’s fees assessed against it as costs.
While the point is inapplicable— due to the fact that appellant does not contest the amount awarded for attorney’s fees —appellees assert that the state may be excused from the necessity to pay the costs as a prerequisite to the right of appeal only in those instances where the taxation of costs is assigned as error and an order of supersedeas entered and complied with, including the furnishing of supersedeas bond if so required. More objectively, it is appellees’ contention that the state is burdened with the identical requirements concerning payment of costs as a condition precedent to the right to institute an appeal as is a private litigant or municipal corporation. We do not agree. Many considerations, both legal and practical, make it illogical to equate the functions, responsibility, accountability and administration of state government with that of municipal corporations or private persons.
The appellant State Road Department contends, and we agree, that Florida Appellate Rule 5.12, 31 F.S.A.[1] stays the execution or performance of the judgment here appealed and that no supersedeas bond was necessary to be given unless expressly required by the court, as contemplated by paragraph “(2)” of the rule. While appel-lees concede that the rule relieves the state from posting a supersedeas bond, they contend, on the authority of City of Miami v. Murphy, 132 So.2d 361 (Fla.App.3d 1961), that the rule does not relieve the state from the necessity, as a condition to the right of appeal, to first pay the costs incurred by *36 appellees where, as in this case, it has not assigned the taxation of costs as error.
The appellant state further resists appellees’ motion to dismiss on the ground that the judgment appealed directed payment of said costs to be made out of funds of appellant then available in the registry of the court, and that it is not made to appear that appellees have made demand therefor and been refused. Appellees undertake to refute this argument by simply asserting that the attorney’s fees awarded herein constitute part of the court costs comprehended by Florida Appellate Rule 3.2(f) and Section 73.16, Florida Statutes 1963, F.S.A., and that appellant is irrevocably committed to payment thereof. We agree that the record in this case affords no basis upon which the appellant can escape payment of said attorney’s fee. It does not follow, however, that under the facts of this case a duty rested on appellant to see to it that appellees took the steps necessary to procure the same out of the hands of the clerk who, for aught that appears to the contrary, has at all times stood ready and willing to pay the same upon request of appellees. Nor was there any duty upon appellant to independently procure and deliver same to appellees.
It is elemental in this jurisdiction that where provided by statute attorney’s fees are a part of the court costs. Louisville and N. R. Co. v. Sutton, 54 Fla. 247, 44 So. 946 (1907) ; Seaboard Air Line Ry. v. Maxey, 64 Fla. 487, 60 So. 353 (1913). In Dade County v. Brigham, 47 So.2d 602, 18 A.L.R.2d 1221 (Fla.1950), the Florida Supreme Court held:
“* * * that Section 73.16, Florida Statutes 1941, F.S.A., which provides ‘All costs of proceedings shall be paid by the petitioner, including a reasonable attorney’s fee * * * ’ should be construed in the light of Section 12 of our Declaration of Rights, F.S.A., which declares that private property shall not be taken ‘without just compensation.’ (Italics supplied.) When so construed the language ‘All costs of proceedings * * * ’ must be held, in a proper case, to include fees of expert witnesses for the defendants. The allowance or disallowance of such fees should be a matter for the trial judge to decide in the exercise of sound judicial discretion.”
See also Orange State Oil Company v. Jacksonville Expressway Auth., 143 So.2d 892 (Fla.App.1st 1962). See also Ogier v. John H. Swisher & Sons, Inc., 133 So.2d 575 (Fla.App.1st 1961), dismissing an appeal by a private person for failure to pay costs.
The controlling case on the subject motion is State v. Rushing, 17 Fla. 223, 224 (1879), in which appellee Rushing moved to dismiss the state’s appeal on the ground that bond was not given as required by the procedural statute then in force, which provided:
“No appeal or writ of error shall hereafter be granted to the original plaintiff in any suit, unless said plaintiff shall first pay all costs which may have accrued in and about said suit up to the time when said appeal or writ of error is prayed; and also enter into bond with one or more securities, in a sum sufficient to cover all the costs which may accrue in the prosecution of said appeal or writ of error, conditioned to pay the same if the judgment, sentence or decree of the court shall be affirmed.” (Thomp.Dig., Sec. 5, page 447.)
Said statute is substantially to the same purpose as Section 59.09, Florida Statutes 1963, F.S.A., which provides that “No appeal may be taken by the original plaintiff in any suit or proceeding until he shall pay all costs which have accrued, in or about the suit, up to the time the appeal is taken.” F.S. § 59.09, F.S.A. is in turn implemented by Florida Appellate Rule 3.2(f) which provides:
*37 “Payment of Costs by Original Plaintiff. No appeal may be taken by the original plaintiff in any suit or proceeding until he shall have first paid all costs that have accrued in and about the suit, and have been specifically taxed against him, up to the time the appeal is taken; provided, that nothing contained herein shall require the prepayment of costs by the original plaintiff when he has assigned as error the ^taxation of costs and has superseded the order, judgment or decree specifically taxing the same; provided further, that in those instances where the costs are not settled until after the notice of appeal is filed, the party obligated shall be required to pay the same within ten (10) days upon written demand, otherwise said appeal shall be dismissed upon motion.”
It was appellee Rushing’s contention that the state, upon entering its own courts seeking judicial remedies, was subject to the statutory requirements of practice as prescribed by the statute then in force, and that the state was thereby obliged, as a condition precedent to the right of appeal, to pay all costs theretofore accrued and make bond to cover the costs accruing on the appeal in the event the judgment or decree appealed should be affirmed. The state contended that the statute did not apply to the state. In sustaining that position Mr. Justice Westcott, speaking for the Florida Supreme Court, said:
“We do not think the general statute controlling the subject of costs in writs of error regulates the right of the defendant in error, where the State prosecutes such writ. Looking to all of the legislation of this State upon the subject of costs, the only reasonable construction to be given to this statute is such as will not embrace the State in its provisions. This is a general statute not naming the State. It requires generally a payment of costs accrued and a bond for costs to accrue of the original plaintiff prosecuting the writ. There are particular statutes naming the State which regulate the matter of costs in State cases, civil and criminal. By them the rights of a defendant in error as to costs against the State are secured, and the method of their collection is prescribed. These statutes control this subject. They require no bond of the State, for costs in any judicial proceeding. They prescribe another and different right and remedy as to costs, and constitute the measure of the obligation and duty of the State, as well as the measure of the right of parties engaged in litigation with it.
“It is the rule of the common law that costs are payable by each party during the progress of the cause. This rule as to services performed for the State in its own courts does not prevail, because the statutes regulating the matter provide for an auditing of verified accounts by the Comptroller and their payment by the Treasurer upon warrant. So also this rule of practice prescribed by a general law requiring bond for costs is not applicable to the State, as there are other statutes prescribing other methods of obtaining costs of the State when she is liable therefor. We find but one case covering the question, and that sustains the conclusion we reach. ([People ex rel. Attorney General v. Clingan] 5 Cal. 389.)”
The state, its political subdivisions, officers, boards, commissions and other public bodies, when acting in a purely official capacity, have for 85 years relied on the sound views expressed in that opinion, and it must be presumed that the legislature has been cognizant of it. The public business is too complex and important to indulge the presumption that the legislature, without the assurance of the decision in the Rushing case, would for so long a period have left the public interest exposed to an inability to perfect and maintain an appeal without first performing as the appellees herein insist.
*38 As we have noted, the movant relies on the decision of the Third District Court of Appeal in City of Miami v. Murphy, 132 So.2d 361 (1961), and of the Supreme Court of Florida on certiorari granted therein, 137 So.2d 825 (1962), but we do not think those decisions are in point with the problem presented in the case on review. A careful analysis of the decisions rendered in that case will reveal that the court recognized a clear distinction between the status of the state, its boards, commissions, etc., when suing out an appeal, as compared with that of a municipal corporation taking such action; and it is not realistic to approach the solution of the problem in this case by dealing with the state and its agencies as having an identity with a municipal corporation within the purview of the statutes and rules of practice here involved. Indeed, the decisions in Murphy lend support to the conclusion we have reached on this appeal. To explain:
In the Murphy case the district court of appeal found a basis for holding that the City of Miami falls within the exclusionary provisions of Section 59.14, Florida Statutes, F.S.A., by resorting to its decision in City of Miami v. Lewis, 104 So.2d 70 (Fla.App.3d 1958), which held that by virtue of the definition set forth in Section 1.01 (10), Florida Statutes, F.S.A., the words “public body” and “political subdivision,” as used in Florida Appellate Rule 5.12, included the term “cities.” The court then went on to hold that notwithstanding Florida Appellate Rule 3.2(f), the City of Miami, as a condition precedent to the right to maintain its appeal, was required (a) to pay the court costs assessed against it, or (b) in the alternative to assign the taxation of costs as error and supersede the order, judgment or decree taxing same. It will be noted, however, that Pearson, J., speaking for the court, was careful to point out that the position of a municipal corporation should not be equated with that of the state in suing out an appeal, saying:
“It was held in State v. Rushing, 17 Fla. 223, in interpreting a statute similar to Section 59.09, Fla.Stat., F.S.A., that the state is not required to give bond when it prosecutes a writ of error, and that the state does not come within the purview of the statute requiring an original plaintiff to pay costs. See also Corneal v. State Plant Board, Fla. 1958, 101 So.2d 371, 72 A.L.R.2d 1376 where it was held an agency of the state is not liable for costs in the absence of statute.
“Although the position is not urged by the appellant, it may be pointed out that a municipality is not such an agency of the state so as to be entitled to the benefit of the rule that the state is not liable as a party in its own courts for costs in the absence of an express statute creating such liability. See Goodwin v. City of Jacksonville, 155 Fla. 729, 21 So.2d 209.”
Our acceptance of the principle that when designated by statute attorney’s fees are part of the costs is not inconsonant with our conclusion that under Florida Appellate Rule 5.12, supra, the State Road Department, an agency of the State of Florida, when acting “in a purely official capacity [as in this case], takes an appeal or petitions for certiorari, the filing of the notice of appeal or the petition for cer-tiorari as the case may be shall perfect the same and stay the execution or performance of the judgment, decree or order being reviewed and no supersedeas bond need be given unless expressly required by the court.” So reads the rule, in language that is crystal clear and admits of no exception.
It has long been a matter of concern to many members of the bench and bar that even as between private litigants there should exist a rule so harsh as to require payment of court costs as a "condition absolute to the right to commence an appeal. The feeling is that the rule should be modified so as not to absolutely preclude private litigants and municipalities from maintaining the appeal if in violation of the requirement concerning costs; that dismissal should result only if after due notice the *39 costs are not paid, or in the alternative error is assigned to the assessment of costs and after due notice that phase of the judgment is not superseded. We will not extend the application of the statute or the rule, as they affect the state, one iota beyond the clear implication of the language employed therein or of the cited case law on the subject.
The motion is denied.
CARROLL, DONALD K., J., concurs.
RAWLS, J., dissents.

. Florida Appellate Rule 5.12 provides:
“(1) When Security Not Required. — • When the state or any of its political subdivisions, or any officer, board, commission or other public body of the state or any of its political subdivisions, in a purely official capacity, takes an appeal or petitions for certiorari, the filing of the notice of appeal or the petition for cer-tiorari as the case may be shall perfect the same and stay the execution or performance of the judgment, decree or order being reviewed and no super-sedeas bond need be given unless expressly required by the court.
“(2) Court May Require Bond. — The court may, on motion for good cause shown, require a supersedeas bond or other security, in such amount, form and manner as it may prescribe as a condition for the further prosecution of the appeal or certiorari.”