RAWLS, Judge
(dissenting).
This record discloses that Plaintiff Road Department, which initiated the instant appeal, has failed to pay all costs accrued in and about this suit, and has failed to assign as error the assessment of such costs. The Road Department upon filing the instant declaration was irrevocably committed to paying the costs of these proceedings, including an attorney’s fee. By statutory and judicial authority this duty was imposed upon the clerk of the trial court, and at the trial stage of the proceeding, I do not envisage any error upon which appellee could predicate a complaint. However, by filing a notice of appeal, the Road Department by virtue of Florida Appellate Rule 5.12(1) superseded the payment of the costs without assigning the taxation of same as error, and by so doing committed the identical error as that pointed out in the case of City of Miami v. Murphy, 132 So.2d 361 (Fla.App.1961). It is my view that the majority opinion is in direct conflict with the Murphy decision.
It is argued that the earlier decision of the Supreme Court rendered in State of Florida v. Rushing, 17 Fla. 223, 224 (1879), is controlling. The sole issue presented to the court in that case concerned the question of whether the state could be compelled to post a supersedeas bond conditioned to pay costs which might accrue by reason of the state’s appeal. As revealed by that decision, the state paid all costs which had accrued but had not posted a supersedeas bond. It is noted that the effect of this decision has been incorporated in our present Florida Appellate Rules governing appeals and, as decided in the Murphy case, the state is not required to post supersedeas when it assigns the taxation of costs as error. I do not see how the Rushing case can have a controlling effect upon the instant cause. As detailed in the Rushing decision particular statutes regulating the matter of costs on the part of the state were in existence at the time that decision was rendered. No such statutes exist today.
The state in this complicated modern society finds itself a major, if not the most prevalent, litigant in our courts, and I cannot find any judicial or rational basis for this Court to excuse the state from complying with the Rules while at the same time holding individual citizens’ “feet to the fire” in requiring strict compliance on their part.
I cannot distinguish the case sub judice from the Murphy case, and I therefore,
Dissent.