QUESTION: May costs, witness fees, out-of-pocket expenses, and attorney's fees incurred by a career service employee during the prosecution of a successful appeal against an agency before the Career Service Commission be awarded to that employee by the commission if such appeal was initiated prior to and was pending on the effective date of Ch. 74-289, Laws of Florida?
SUMMARY: Pursuant to Ch. 74-289, Laws of Florida, codified as s. 110.061(3), F.S. (1974 Supp.), costs, attorney's fees, witness fees, and other out-of-pocket expenses incurred by a career service employee during the prosecution of a successful appeal against an agency before the Career Service Commission may be awarded to the employee by the commission in the exercise of its sound discretion even though such appeal was initiated prior to, but was not heard or disposed of before, the effective date of Ch. 74- 289 (June 25, 1974). As a general rule, the presumption against retrospective construction of statutes does not apply to statutes which relate to remedies and modes of procedure. [See] 82 C.J.S. Statutes ss. 421 and 422; accord: Whittaker v. Eddy,147 So. 868, 873 (Fla. 1933). On the contrary, with respect to statutes general in their terms and affecting matters of procedure, the presumption is that they are intended to apply to all actions whether or not they are pending. Id. See, e.g., Harlan v. State, 18 So.2d 744, 747 (Ala. 1944), in which is is stated that The courts recognize a distinction between statutes which affect substantial or vested rights and those which relate only to procedure or remedies. The general rule prevails that unless expressly prohibited or unless some contractual rights are intervened, a statute which is remedial or procedural by its terms and provisions applies whether the cause of action accrued or had its inception before or after the effective date of the act. In this regard, items of, and rights to, costs are deemed procedural only. [See] 20 C.J.S. Costs s. 3b, wherein costs are defined as certain allowances authorized by statute to reimburse the successful party for expenses incurred in prosecuting or defending an action, which may include attorney's fees and expert witness fees when provided by statute. See also Seaboard Air Line Ry. v. Maxey, 60 So. 353, 354 (1913); State Road Department v. Bramlett,171 So.2d 34 (1 D.C.A. Fla., 1965); and City of Miami Beach v. Belle Isle Apartment Corp. 177 So.2d 884, 886 (3 D.C.A. Fla., 1965). Thus, the right to costs are, as a general rule, governed by the statutes in force at the time of the termination of the act, and not by those in force at the commencement thereof. [See] 20 C.J.S. Costs s. 3b. A statute establishing costs and fixing court fees applies to pending cases equally with those arising after its enactment, unless a contrary purpose is expressed or fairly inferable from the words used. Id; see also Ingerson v. State Farm Mutual Insurance Co., 272 So.2d 862 (3 D.C.A. Fla., 1973), in which the general rule is stated that applicable rules of law as they exist at the time of trial and judgment, or even after judgment but during the pendency of a direct appeal, are controlling of a case. Applying the foregoing rules of statutory construction to the instant situation, Ch. 74-289, Laws of Florida, is entitled: AN ACT relating to the state career service system; adding paragraph (d) to s. 110.061(2), Florida Statutes, 1973, providing for the award of costs, expenses, and attorney's fees to the successful employee appealing from a suspension, reduction in pay, transfer, layoff, demotion or dismissal; providing an effective date. (Emphasis supplied.) Codified as s. 110.061(3), F.S. (1974 Supp.), the body of Ch. 74-289 reads as follows: (d) The career service commission may order reinstatement of an employee, with or without back pay, and may include an amount, to be determined by the commission and paid by the agency, for reasonable attorney's fees, witness fees and other out-of-pocket expenses incurred during the prosecution of an appeal against an agency in which the commission sustains the employee, which order shall be conclusive on the agency or officer concerned. (Emphasis supplied.) The act, which is clearly in the nature of a costs statute, took effect upon becoming law June 25, 1974. No legislative intent is expressed or made manifest in Ch. 74-289, Laws of Florida, that it should apply only to appeals or proceedings initiated after the effective date thereof. Nor, in my opinion, can such an intent be fairly inferred therefrom. Rather, the act unqualifiedly applies to and operates on the award of costs and expenses incurred "during the prosecution of an appeal," in the sound discretion of the Career Service Commission, as distinct from the granting of a right thereto on the part of an employee if he elects to take an appeal. If the legislative purpose was to limit the benefits of the act to those employees electing to take an appeal after the effective date thereof, it would have been a simple matter for the Legislature to have done so. The Legislature is presumed to have knowledge of the rules of law — such as those hereinabove discussed — existent at the time of the enactment of a statute as they relate to the subject matter of the statute being enacted. See Akins v. Bethea, 33 So.2d 638
(Fla. 1948); Times Publishing Company v. Williams, 222 So.2d 470
(2 D.C.A. Fla., 1969); and Dickinson v. Davis, 224 So.2d 262 (Fla. 1969). Thus, since the subject of Ch. 74- 289 is apparently procedural and remedial — i.e., it generally concerns the authority of the Career Service Commission, in its sound discretion, to award costs and expenses reasonably incurred by a career service employee in the course of prosecuting an appeal from the action taken by an administrative agency or official to discipline such employee or separate him from the career service — it should be applied equally to appeals pending on and appeals initiated after the effective date of the act. More specifically, until judicially determined to the contrary, I conclude that "reasonable attorney's fees, witness fees and other out-of-pocket expenses" incurred by a career service employee during the prosecution of a successful appeal against an agency before the Career Service Commission may be awarded to that employee by the commission, in the exercise of its sound discretion, regardless of the fact that such appeal or proceeding had been initiated prior to, but was not disposed of before, June 25, 1974, the effective date of Ch. 74-289. In stating the foregoing conclusion, I am not unaware of the Florida Supreme Court's decision in Tuggle v. Government Employees Insurance Co., 220 So.2d 355 (Fla. 1969), and Home Insurance Co. v. Drescher, 220 So.2d 902 (Fla. 1969). There, the court determined that Ch. 67-400, Laws of Florida — amending s. 627.0127, F.S. 1969 (now s. 627.428, F.S.), to require the appellate courts to adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's attorney prosecuting the suit in which recovery is had on or under an insurance contract or policy "in the event of an appeal in which the insured or beneficiary prevails" — was not retroactive and did not apply to appeals taken prior to July 27, 1967, the effective date of Ch. 67-400. However, the fees or compensation for the attorney prosecuting the action allowed by Ch. 67-400 were not treated in the decisions as an aspect of costs allowed by statute to a prevailing party to the suit or as a procedural or remedial matter. Rather, the court apparently treated Ch. 67-400 as creating a substantive right on the part of such prosecuting attorney to such fees or compensation which had not theretofore existed and, thus, gave the act prospective effect only. In contrast, Ch. 74-289, Laws of Florida, allows the Career Service Commission to award a reasonable sum for "attorney's fees, witness fees and other out-ofpocket expenses incurred during the prosecution of an appeal. . . ." (Emphasis supplied.) Clearly, the Legislature in the latter act (which is in the nature of a costs statute) is specifying attorney's fees as part of the costs which are recoverable in an administrative proceeding before the commission. In any event, the court in Tuggle and Drescher did not consider the rules of law hereinabove discussed relating to procedural and remedial statutes and to costs statutes which are ordinarily applied by the courts. Thus, I cannot conclude that said decisions constitute a departure from those general rules as they relate to costs or procedural acts or acts in the nature thereof, such as Ch. 74-289.