The Honorable Nevin G. Smith Secretary, Department of Administration
QUESTION:
Are employees of the Gainesville Development Authority for purposes of 42 U.S.C. § 418 and ch. 650, F.S., employees of the City of Gainesville?
SUMMARY:
Employees, in this case the Secretary of the Gainesville Development Authority (an agency of the municipality) for purposes of 42 U.S.C. § 418 and ch. 650, F.S., are employees of the City of Gainesville and as such are entitled to coverage under the Old-age and and Survivors Insurance System of the Social Security Act.
The City of Gainesville created the Gainesville Development Authority by the enactment of Ordinance No. 2399 codified as Chapter Six (6) of the Gainesville Code of Ordinances. The Gainesville Downtown Special District was created pursuant to the authority contained in s. 165.041, F.S., for the purpose of creating `a vehicle whereby plans and programs for the redevelopment of downtown Gainesville may be proposed, implemented, coordinated and managed by one body as a comprehensive and consistent effort . . . .' Section 6-1(c) of the code. The Gainesville Development Authority was established by Chapter Six (6) as the governing body of the Special District. See
ss. 6-2(a) and 6-5.
Chapter 650 of the Florida Statutes sets forth the procedure `to extend to employees of the state and its political subdivisions and to the dependents and survivors of such employees, the basic protection accorded to others by the Old-age and Survivors Insurance System embodied in the Social Security Act . . . .' Section 650.01, F.S. Section 418 of the Social Security Act extends on a voluntary basis to state and local governmental employees the benefits provided by the federal old-age, survivors, and disability insurance system (OASI), subchapter II of title 42 of the United States Code. The term `political subdivision' is defined at 42 U.S.C. § 418(b)(2) to include `an instrumentality of (A) a state, (B) one or more political subdivisions of a State, or (C) a State and one or more of its political subdivisions.' Implementing this definition s. 650.02(6), F.S., defines `political subdivision' to include `an instrumentality of the state, or of one or more of its political subdivisions, but only if such instrumentality is a juristic entity which is legally separate and distinct from the state or subdivision and only if its employees are not by virtue of their relation to such juristic entity employees of the state or subdivision.' While these two definitions do not expressly include employees of political subdivisions such as counties or employees of municipalities, such employees are included in the OASI program. See, e.g., AGO 057-365 which, among other things, concluded that while municipalities may not be political subdivisions of the state under Florida law, municipalities are political subdivisions for purposes of42 U.S.C. § 418; cf. City of Miami v. Lewis, 104 So.2d 70 (3 D.C.A. Fla., 1958), holding that a city was a political subdivision of the state within the meaning of a Florida Statute exempting the state and any of its political subdivisions, when taking an appeal in a purely official capacity, from furnishing supersedeas bond. According to information supplied to this office by the Division of Retirement of the Florida Department of Administration, municipalities are recognized as political subdivisions of the state for OASI coverage by the United States Department of Health, Education, and Welfare. I am further informed by the Division that employees of the City of Gainesville are accepted as a coverage group as defined by 42 U.S.C. § 418(b)(5). Therefore, if it is determined that the employee in question is an employee of the City of Gainesville by virtue of such employee's relationship to the Gainesville Development Authority, then that employee would be entitled to the benefits provided by the Old-age and Survivors Insurance System.
Section 6-5 of the Gainesville Municipal Code provides, among other things, that the Gainesville Development Authority shall consist `of five (5) members, which shall be an agency of the City
and which shall perform municipal functions in the Gainesville Downtown Special District . . . .' (Emphasis supplied.) The Mayor and a staff member designated by the Director of the City's Department of Community Development serve as ex officio, nonvoting members of the Authority. Section 6-5(f). The city commission appoints the five (5) members of the Authority. Section 6-5(b). Each appointed member of the Authority must `qualify by taking and subscribing to the oath of office required of officials of the City and by posting a bond . . . payable to the City . . . .' Section 6-5(c). An appointed member of the Authority upon notice and an opportunity to be heard, may be removed for cause by the City Commission. Rules of procedure and by-laws, as well as amendments thereto, for the Authority are not effective until approved by the City Commision. Section 6-6. This section further provides that the City Commission must approve the budget of the Authority; funds for the budget are appropriated by the City. Also, s. 6-6 further provides that `[n]o funds shall be expended by the Authority other than those authorized by a budget approved by the City Commission.'
In consideration of these provisions it is my opinion that the Gainesville Development Authority is an agency of the City of Gainesville and employees of the Authority should for OASI purposes be classified as city employees. The employee in question is an employee of the Authority (an agency of the city) and thus a municipal employee for the purpose of coverage under the Social Security Act. Article 2 of the Charter of the Gainesville Downtown Special District adopted by s. 6-7 of the Gainesville Code of Ordinances after establishing the Authority as the Governing body of the Special District goes on to require the Authority to appoint a Secretary (the subject of this inquiry) and a Treasurer, neither of whom shall be members of the Authority, was serve at the pleasure of the Authority. Thus, the Secretary is an employee of the Authority (an agency of the city) and should be classified as an employee of the City of Gainesville for purposes of establishing eligibility to participate in the Old-age and Survivors Insurance System. This employment relationship renders unnecessary an examination of the legal status and nature of special districts in Florida created pursuant to s. 165.041, F.S., since no employee of the Gainesville Downtown Special District is involved in the instant situation.
Prepared by: Craig Willis, Assistant Attorney General