Mr. M. A. Galbraith, Jr. City Attorney City of Boca Raton
QUESTION:
Does the term `political subdivision,' as used in ch. 80-150, Laws of Florida, include a municipality?
SUMMARY:
Pending judicial or legislative clarification of the term `political subdivision,' as it is used in s. 1 of ch. 80-150, Laws of Florida (codified as s. 286.0105), municipalities are `political subdivisions' within the meaning of this statute and the municipal governmental boards or agencies or authorities thereof are subject to the notice requirements set forth therein, if and only if notice of the meetings or hearings of such municipal agencies or boards is required; that where the governing or legislative body of a municipality acts as a quasi-judicial body or takes official action on matters affecting individual rights, it is subject to the notice requirement of s. 286.0105, F.S. (1980 Supp.)
Section 1 of ch. 80-150, Laws of Florida, codified as s. 286.0105, F.S. (1980 Supp.), provides:
 Each board, commission, or agency of this state or of any political subdivision thereof shall include in the notice of any meeting or hearing, if notice of meeting or hearing is required, of such board, commission, or agency, conspicuously on such notice, the advice that, if a person decides to appeal any decision made by the board, agency, or commission with respect to any matter considered at such meeting or hearing, he will need a record of the proceedings, and that, for such purpose, he may need to ensure that a verbatim record of the proceedings is made, which record includes the testimony and evidence upon which the appeal is to be based. (Emphasis supplied.)
No provision of s. 286.0105 (or ss. 286.011, 286.012, or 286.26, all of which deal with public meetings) defines the term `political subdivision' as used therein. In the absence of any definition of this term in, or for the purposes of, s. 286.0105, I must turn to the definition of `political subdivision' provided in s. 1.01(9), F.S. Section 1.01(9) provides, in pertinent part:
 1.01 Definitions. — In construing these statutes and each and every word, phrase, or part hereof, where the context will permit:
 (9) The words `public body,' `body politic' or `political subdivision' include counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts and all other districts in this state. (Emphasis supplied.)
Thus, the Legislature has instructed that the definition provided in s. 1.01(9) is to be used `[i]n construing [the Florida Statutes] and each and every word, phrase, or part hereof, where the context will permit.' See also, AGO 078-119. My predecessor in office concluded that the definitions provided in s. 1.01, F.S., `are to be applied in construing any section of the Florida Statutes, where the context will permit (and where a specific definition is not provided for use with the particular section being construed).' Attorney General Opinion 077-130. Accord AGO 074-159 and AGO 078-155. See generally Sutherland, Statutes and Statutory Construction, s. 27.01, `Statutory definitions and interpretational directives,' and s. 47.07, `Definition provisions,' citing Ervin v. Capital Weekly Post, 97 So.2d 464
(Fla. 1957).
Here, unlike the situation in AGO 075-264, the context of ch. 286 and s. 286.0105 permits and requires application of the statutory definition of `political subdivision' as set forth in s. 1.01(9), F.S. Cf. the purpose and intent of part III of ch. 287, F.S., as discussed in AGO 075-264, with the legislative intent of ss.286.0105-286.012, and 286.26, F.S. Cf. AGO 078-155 (in which it was concluded that municipalities were included within the definition of the term `body' as used in s. 153.12(2)(b) since no provision of that statute defined the term, and since the language of part I of ch. 153 did not inhibit such a construction or manifest any legislative intent to the contrary. That opinion also considered the overall purpose of the statute in question).
In construing a statute, each and every part or section must be examined and read in pari materia and effect given to all parts thereof. See, e.g., Amos v. Conkling, 126 So. 283 (Fla. 1930). Reading s. 286.0105 with the provisions of ss. 286.011, 286.012, and 286.26, it is apparent that the Legislature intended to impose the additional notice requirement on meetings of any municipal governmental board or agency or authority of any municipality which is subject to the Sunshine Law, if and only if notice of their meetings or hearings is required. Thus, where the governing or legislative body of the municipality acts as a quasi-judicial body or takes official action on matters that affect individual rights of citizens, in contrast with rights of the public at large, then the governing or legislative body of the manicipality, as such, would appear subject to the notice requirements of s.286.0105, F.S. (1980 Supp.). The legislative history of ch. 80-150 indicates that this was probably the legislative intent of Senate Bill 368. See Senate Staff Analysis and Economic Impact Statement (for SB 368), April 16, 1980; and Staff Summary of the House Governmental Operations Committee (SB 368 Engrossed), May 28, 1980. The transcript of the House floor debate on SB 368 on June 5, 1980, refers to public notice of meetings of municipal or county agencies. Cf. City of St. Petersburg v. Carter,39 So.2d 804 (Fla. 1949) (which held, in deciding whether the word `persons' included municipal corporations, that such a determination is subject to the legislative intent as it is expressed or may be gathered from the purpose of the act, the administrative construction of it, and other legislative actsbearing upon the subject). Cf. s. 286.28 (where `incorporated cities and towns' are expressly excluded from the category of `political subdivision' for the purposes of that particular section). The context of s. 286.28, unlike that of s. 286.0105, would not permit application of the definition of `political subdivision' found in s. 1.01(9).
Moreover, it has been held that, `to the extent that governmental functions are discharged within a prescribed area and consistent with its grant of authority, a municipal corporation exercises the attributes of sovereignty and as such is a political subdivision or arm of the state.' City of Miami v. Lewis, 104 So.2d 70 (3 D.C.A. Fla., 1958). See also AGO 074-159. Lewis observed that even though counties derive their status as political subdivisions from the constitution, while municipalities are creatures of statute, nonetheless each is `as much a political subdivision of the state as the [other]. The parentage might be different but the general purpose of local government is the same.' 104 So.2d at 72.
Prepared by: Anne Curtis Terry, Assistant Attorney General