Mr. Bruce R. Conroy City Attorney, City of Cape Coral Post Office Box 150027 Cape Coral, Florida 33915-0027
Dear Mr. Conroy:
You ask substantially the following question:
Is a municipality prohibited from adopting security standards for convenience stores which differ from those contained in ss.812.173 and 812.174, F.S. (1992 Supp.)?
In sum:
A municipality is prohibited from adopting security standards for convenience stores which differ from those contained in ss.812.173 and 812.174, F.S. (1992 Supp.), and any such differing standards are repealed unless such ordinance was in effect prior to September 1988 and is determined by the Department of Legal Affairs to provide more stringent standards than those contained in ss. 812.173 and 813.174, F.S. (1992 Supp.).
Sections 812.1701-812.175, F.S. (1992 Supp.), constitute the Convenience Business Security Act (act), which prescribes the type of security measures which must be taken at certain convenience businesses to protect store employees and the consumer public.[1]
The intent of such legislation is expressed in s. 812.172, F.S. (1992 Supp.), which states:
The Legislature finds that the provisions of this act are intended to prevent violent crimes and thereby to protect employees and the consumer public at late-night convenience businesses. It is the further intent of the Legislature that security standards for late-night convenience businesses be uniform throughout this state.
Section 812.1725, F.S. (1992 Supp.), preempts this area from local regulation, by providing:
A political subdivision of this state may not adopt, for convenience businesses, security standards which differ from those contained in ss. 812.173 and 812.174, and all such differing standards, whether existing or proposed, are hereby preempted and superceded by general law, except any local ordinance in effect prior to September 1988 and determined by the Department of Legal Affairs to providing more stringent security standards than those contained in ss. 812.173 and 812.174 shall not be preempted and superseded by general law for a period of 2 years from December 31, 1992. (e.s.)
You state that counties are political subdivisions of the state pursuant to s. 2, Art. VIII, State Const., and Ch. 165, F.S.[2]
Thus, you recognize that s. 812.1725, F.S. (1992 Supp.), is applicable to a county. You ask, however, whether the provisions of the s. 812.1725, F.S. (1992 Supp.), applies to a municipality.
No provision of the act defines "political subdivision." Section1.01(8), F.S., however, provides that in construing the Florida Statutes, where the context will permit:
The words "public body," "body politic," or"political subdivision" include counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state. (e.s.)
This office has previously stated that the definitions contained in s. 1.01, F.S., are to be applied in construing any section of the Florida Statutes, where the context permits and where a specific definition is not provided for use with the particular section being construed.[3] Thus, for example, this office has concluded in AGO 83-41 that the use of the term political subdivision in defining law enforcement agency encompassed municipalities.[4]
I am aware of this office's opinion in AGO 75-264 in which this office concluded that a municipal corporation was not a political subdivision of state government within the purview of ss. 287.25 and 287.26, F.S. Such a determination was based upon the statute's underlying legislative intent. Unlike the situation in AGO 75-264, however, the context of the Convenience Business Security Act permits the application of the statutory definition of "political subdivision" in s. 1.01(8), F.S. In fact, an examination of the legislation as a whole indicates that the act was intended to encompass more than just counties.[5] Moreover, as the Third District Court of Appeal in City of Miami v. Lewis,[6] observed, even though counties derive their status as political subdivisions from the Constitution and municipalities are creatures of statute, nonetheless each is"as much a political subdivision of the state as the [other]. The parentage might be different but the general purpose of local government is the same."
Accordingly, I am of the opinion that a municipality is a"political subdivision" for purposes of the Convenience Business Security Act. A municipality is, therefore, prohibited from adopting security standards for convenience stores which differ from those contained in ss. 812.173 and 812.174, F.S. (1992 Supp.), and any such differing standards are repealed unless such ordinance was in effect prior to September 1988 and is determined by the Department of Legal Affairs to provide more stringent standards than those contained in ss. 812.173 and 813.174, F.S. (1992 Supp.).
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 812.171, F.S. (1992 Supp.), defining "convenience business."
[2] Section 1, Art. VIII, State Const., provides that the state shall be divided by law into political subdivisions called counties. And see, s. 165.031(3), F.S., defining "county" for purposes of Ch. 165, F.S., to mean a political subdivision of the state established pursuant to s. 1, Art. VIII, State Const. 
[3] Attorney General Opinion 77-130. And see, AGO's 74-15 and 78-155.
[4] And see, AGO 81-6, stating that the term "political subdivision," as used in s. 286.0105, F.S., encompassed municipalities and thus municipal boards, agencies or authorities were subject to the notice requirements set forth therein.
[5] See, e.g., s. 812.1725, F.S. (1992 Supp.), referring to "any local ordinance" in conflict with the provisions of the act; and s. 812.175(4), F.S. (1992 Supp.), authorizing the Attorney General to enter into agreements with local governments to assist in the enforcement of the act. And see, AGO 92-55 in which this office concluded that an ordinance of the City of Pinellas Park requiring prepayment of gasoline purchases made between the hours of 8:00 p.m. and 5:00 a.m. was not preempted by s. 812.1725, F.S. (1992 Supp.), since the ordinance operated to protect a business against economic loss and was not a security standard to protect the safety of employees or patrons of a convenience business.
[6] 104 So.2d 70, 72 (3 D.C.A. Fla., 1958).