SALLY MARTIN MONROE, *Appellant,* vs. MARY M. BIRDSEY and ALBERT H. BIRDSEY, *Appellees.*

136 So. 886.

En Banc.

Opinion filed July 27, 1931.

*D. Niel Ferguson* and *R. L. Anderson,* for Appellant;
*Martin & Hocker,* for Appellees.

PER CURIAM.—The appellees exhibited their bill in chancery for partition in the Circuit Court of Marion County as authorized by Section 3202 et seq. Revised General Statutes of 1920, (Section 4994 et seq. Compiled General Laws of 1927). A demurrer to the bill on the part of Sally Martin Monroe, the sole defendant, therein, was overruled and decree pro confesso was entered for failure to further plead. A decree of partition was seasonably entered and commissioners were appointed to make partition. The commissioners qualified and partitioned the lands as directed by order of the court and made a full report thereof in writing.

The report of the commissioners was filed December 5, 1928, and on January 2, following, the court entered its final decree confirming said report. The final decree also adjudicated title to the lands designated by the commissioners to the parties to this cause to be in them and awarded fees for complainant's solicitors in the sum of Forty-five Hundred Dollars. That final decree was affirmed by order of this court without opinion dated April 2, 1931. A petition for rehearing was denied and the case is now presented on supplemental petition for rehearing.

There are ten assignments of error all of which have

been considered, but we deem it necessary at this time to discuss only those relating to exceptions to the report of the commissioners and awarding counsel fees.

The record discloses that there were three thousand, eighty-seven and ninety-seven one hundredths acres of land involved in this suit, that Mary M. Birdsey and Salley Martin Munroe each owned an undivided three-eighths interest in said lands and that Albert H. Birdsey owned an undivided two-eighths interest. There was no question of title, right, or interest to be litigated, no controverted questions were involved but the sole and only question at issue was that making a fair and equitable distribution of the lands among the three claimants.

All the parties to this cause were non-residents. The law (Section 3207 Revised General Statutes of 1920, Section 4999 Compiled General Laws of 1927) provides that non-resident parties to a partition suit may have thirty days within which to file their exceptions or objections to the commissioners' report. The commissioners' report was filed December 5, 1928, and the final decree was entered January 2, following. On January 14, appellant here who was defendant below, petitioned for rehearing and moved to vacate the final decree. The petition and the motion were predicated on alleged inequalities in the partition of the lands as made by the commissioners and approved by the final decree but both were denied.

The final decree was affirmed by this Court on the theory that the Chancellor gave due consideration to the objections to the report of the commissioners as embodied in the motion to vacate and the petition for rehearing but on further consideration it does not conclusively appear that this was done. The petition for rehearing and the motion to vacate present very important property rights and if well grounded they should have been granted as the final decree was entered before the expiration of the thirty days allowed by the statute to non-resident parties to file

exceptions to the commissioners' report. If, however, these alleged rights were considered in ruling on the motion and were in fact, in the judgment of the chancellor, not well grounded, the error committed in entering the final decree prior to the expiration of the time allowed by the statute to file exceptions was harmless.

Appellees contend that all proceedings in the cause subsequent to the entry of the decree pro confesso as authorized by the governing statute (Section 3206 Revised General Statutes of 1920, Section 4998 Compiled General Laws of 1927) were ex parte and that consequently the entry of the final decree prior to the expiration of the time allowed by the statute for non-residents to except to the commissioners' report, was not error. We do not think this contention is supported by the statute. The decree pro confesso in a partition suit goes only to the form and content of the bill in chancery. The preparation and filing of the commissioners' report and entering exceptions thereto and final decree based thereon are new and independent steps in the cause and are in no way affected by the decree pro confesso. In fact the filing of the commissioners' report is the first and only opportunity given those aggrieved thereby to offer objections thereto and to hold that the entry of the decree pro confesso cuts off this right might be tantamount to depriving the one objecting, of his property without due process in those cases where error or harmful inequalities exist in the report and in the decree based on the report.

The question of attorney's fees is a very delicate one to treat. The law authorizing a fair, just, and reasonable compensation comporting with the service rendered, but the elements that enter into the determination of such an amount are many and varied. The service performed, the responsibility incurred, the nature of the service, the skill required, the circumstances under which it was rendered, the customary charges for like service, the amount in-

volved, and the ability of litigants to respond may be mentioned as some of these elements. Our statute laying costs in partition suits (Section 3209 Revised General Statutes of 1920, Section 5001 Compiled General Laws of 1927) in effect provides that every party in interest shall be required to pay a portion of the costs and charges, including the fee of complainant's solicitor, in proportion to his interest.

The record in this cause is forty-one pages. Every step in the proceedings is prescribed by statute, none of which are intricate and in this case no complications whatever developed. The right, title nor interest of any of the parties were controverted. The lands involved were in contiguous body, and the sole question presented was that of making a fair, equitable allotment of said lands to the three interested parties, which duty devolved primarily on the commissioners. It is shown that the lands partitioned had a potential value of more than one hundred thousand dollars but acreage appears to have been the primary basis on which the partition was predicated, value being a mere incident. Value therefore, had little or no place in fixing a proper fee in this case, the title to the lands not being litigated.

The bill of complaint merely alleges that costs and solicitor's fees were incurred. It is silent as to the amount. There is testimony to sustain the amount for attorney fees, but this does not conclude the chancellor. Under the circumstances shown to exist, the fee allowed in this case was excessive.

The decree below is accordingly reversed for appropriate proceedings.

Reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.