94 So.2d 589 (1957)
Nellie Cocowitch POWELL and Clifford J. Cocowitch, Appellants,
v.
Susie May COCOWITCH, Clyde C. Long, The Commercial Bank and Trust Company of Ocala, Edna Cocowitch Merriken, Ida Cocowitch Treadwell, Harry C. Cocowitch, and Mamie Cocowitch Young, Appellees.
Supreme Court of Florida, En Banc.
March 13, 1957.
Rehearing Denied May 13, 1957.
Ervin & Buford, Tallahassee, for appellants.
Greene, Ayres & Greene, Ocala, for appellees.
TERRELL, Chief Justice.
John Franklin Cocowitch, citizen of Marion County, died testate in January 1944. He left surviving his widow, Susie May Cocowitch, and six children, Nellie Cocowitch Powell, Clifford J. Cocowitch, Edna Cocowitch Merriken, Ida Cocowitch Treadwell, Harry C. Cocowitch and Mamie Cocowitch Young. In his will, probated a few days after his death, disposing of a valuable estate John Franklin Cocowitch named his widow and Clyde C. Long, vice-president, trust officer and stockholder of Commercial Bank and Trust Company of *590 Ocala, Florida, as executors of his estate. The will directed the executors and trustees to convert into cash "as soon as may be feasible and desirable" all of the property of the estate, pay all costs of administration and other expenses, then distribute the income and principal in equal shares among the widow and children and pay to the widow at monthly or quarterly intervals "during the period of preliminary administration of my estate" moneys for her support, such amounts not to be charged to her one-seventh share. The will clothed the trustees with broad powers to sell, invest and reinvest at their discretion but not to unduly prolong the administration and final distribution of the estate.
This suit was brought by Nellie Cocowitch Powell and Clifford J. Cocowitch against the widow, the other four children, Clyde C. Long and the Commercial Bank and Trust Company as defendants. The complaint, later amended, prayed that the present trustees of the estate be removed and that others be appointed in their stead, direct the trustees to pay into the corpus of the estate all unauthorized and misappropriated amounts, naming them, direct the new trustees to forthwith declare a substantial dividend from cash on hand, reserving only such funds as may be essential to pay incidental expenses, enter a judgment in favor of the new trustees against Susie May Cocowitch, Clyde C. Long and the Commercial Bank and Trust Company for all sums found to be due from them to the corpus of the estate, allow a reasonable attorneys' fee from the corpus of the estate for plaintiffs' attorneys and for other relief.
In their answer defendants denied the material allegations of the complaint as amended and moved to dismiss. The cause was set for final hearing and disposition on plaintiffs' motion for summary final judgment, including all pending motions which had reference to allegations and admissions in the amended complaint, including concessions, waivers or admissions made by plaintiffs at the hearing.
On consideration the chancellor made the following findings:
"That Plaintiffs' counsel took occasion during his argument to withdraw specifically and finally any and all charges of intentional wrongdoing or bad faith on the part of the defendant trustees."
By letter dated December 7, counsel for plaintiffs made the following waivers:
"I wish to waive or amend plaintiffs' prayer for relief contained in their Amended Bill of Complaint in the following respects:
"1. Plaintiffs waive relief prayed for in paragraphs (b) (1) and (b) (3).
"2. Plaintiffs amend or reduce the sum stated in paragraph (b) (2) from $8,056.41 and interest to $7,340.81 and interest, and they do waive relief prayed for in said paragraph in excess of the figure last above stated, together with interest.
"3. Plaintiffs waive any claim for relief against the defendant The Commercial Bank and Trust Company of Ocala and consent to an order dismissing said defendant as a party.
"4. Plaintiffs waive their prayer for the actual removal of defendants Susie May Cocowitch and Clyde C. Long as trustees but do not waive any claim for relief prayed against said defendants except and unless herein otherwise specifically stated.
"5. Provided this matter is concluded on plaintiffs' Motion for Summary Final Decree plaintiffs waive the relief prayed for in paragraph (i), but not otherwise."
We think as did the chancellor that waivers removed much of the substance of the prayer for relief. Under the will the trustees had broad discretion in handling all the affairs of the estate, paragraph 4 being as follows:

*591 "It being my desire, instruction and direction that they shall not be forced or required to dispose of any of the properties belonging to my estate except at such time or times as in their sole discretion may seem advantageous and wise so to do. My said executors and/or trustees are hereby fully authorized and empowered by me to carry on after my death, at the risk of my estate and not at their risk, any and all business or businesses, enterprises, undertakings or pursuits that I may be engaged in at my death until such time as in their sole discretion the same may be advantageously disposed of."
Other provisions of the will released the executors or trustees from any liability for loss that may be occasioned by any act or acts done pursuant to the provisions of the will including misfeasance or nonfeasance not amounting to bad faith or wilful wrongdoing. There is no charge of bad faith or wilful wrongdoing that we can find support for in the record. In fact, for all the record shows it looks as if the trustees made an earnest attempt to administer the estate faithfully. The original and the amended complaint were accordingly dismissed and this appeal was prosecuted.
Appellants contend (1) that their amended complaint as modified by letter of attorney dated December 7 stated a cause of action and that the chancellor committed error in granting the motion to dismiss; (2) plaintiffs' motion for summary final decree should have been granted in its entirety or in part since the affidavits, pleadings, interrogatories and answers on file showed a genuine issue of material fact; (3) the chancellor committed error in awarding attorneys' fees to counsel for defendants.
In our view a study of the complaint, waiver of intentional wrongdoing and intentional bad faith removed most of the material questions from the picture. Even in the absence of waiver, the language of the will could have compelled this conclusion of the chancellor as to most material questions. This conclusion is fortified by a study of the manner in which the trustees handled the estate. The testator expressed great confidence in those he designated to administer his estate and nothing is pointed out to indicate maladministration, extravagance or bad management. It is true that the estate had been in the hands of the trustees, sometimes called executors, for about eleven years but in view of the duties imposed on them and the manner in which it was done, we find nothing to show a want of diligence or bad faith.
As to the charge of unwarranted expenditures on the homestead remaining after the waivers made by the plaintiffs detailed supra, they represented payments for eradication of termites in August 1950 in the amount of $482.50, repairs to the homestead in December 1950 in the amount of $2,073.31, and further repairs and remodeling in June 1953 in the amount of $4,785. It appears that these improvements were made by the trustees in the exercise of a reasonable discretion vested in them by the will. We think the will, paragraph five showing the testator's concern for the widow or life tenant, warranted making the improvements. It is shown that the widow surrendered her dower rights which redounded to the benefit of the children who inherited the homestead subject to the widow's life estate. It was not a case in which a life tenant made improvements on the estate and charged them to the remaindermen. In this case the improvements were made from trust funds in the hands of the trustees, which they had a discretion to use for that purpose. They imposed no charge on the interest of the remaindermen. In this case all remaindermen were on knowledge of the improvements and objected to none of them until 1953 after all of the work had been completed. It is further pointed out that the homestead was included in the original appraisal of the assets of the estate for tax purposes even though it was not an asset for purposes of administration and that for convenience the subsequent returns continued to list the homestead, *592 its value being increased in 1953 to the extent of $4,785 represented by the last expenditure for remodeling. No extravagance or mismanagement is charged and the interest of the life tenant and that of the remaindermen required that the improvements be made. The point does not appear to have been previously litigated in this state but the following authorities support this view: 2 Thompson on Real Property, Perm.Ed. Section 804; In re Schummers' Will, 210 App.Div. 296, 206 N.Y.S. 113, affirmed 243 N.Y. 548, 154 N.E. 600; In re Hoyt's Estate, 236 Pa. 433, 84 A. 835; Bond v. Hill, 37 Tex. 626; Hooker v. Goodwin, 91 Conn. 463, 99 A. 1059.
As to the objection to payment of attorneys' fees to defendants' attorneys, it is not charged that the amount awarded was unreasonable. The objection to them is not well taken. We also are of the view that the amount awarded was modest for the services rendered and whether or not there was a prayer for them is not material, though we think the better practice is to ask for them in the complaint. McCaskill Co. v. Dekle, 88 Fla. 285, 102 So. 252; Baruch v. Giblen, 122 Fla. 59, 164 So. 831; Saliba v. James, 143 Fla. 404, 196 So. 832. These cases point the rule that fixing attorneys' fees is largely in the discretion of the court, that evidence as to amount of a reasonable fee may be considered but that it is not conclusive and that the court may under proper circumstances reduce the amount allowed.
In this case defendants were executing a trust imposed in them; they were involuntarily in court and no wrongdoing has been shown. We think the fees awarded were warranted by law so the judgment appealed from is affirmed. We have not indulged in a discussion of other questions raised because it would require a lengthy opinion that would serve no useful purpose.
Affirmed.
HOBSON, THORNAL and O'CONNELL, JJ., concur.
DREW, J., dissents.
THOMAS and ROBERTS, JJ., not participating.
DREW, Justice (dissenting).
1. I don't think the trustees had any authority to spend any portion of the corpus for making capital investments on the homestead without the express consent of the ultimate beneficiaries.
2. I cannot agree that the exculpatory clause in the will relieved the trustees of liability for expenditures of the corpus or capital improvements to the homestead nor for losses arising out of unduly prolonging the administration.
3. I find no basis in the pleadings for the award of attorneys' fees nor any evidence in the record concerning what would constitute a reasonable fee even if one were authorized.
4. I think there were material issues of fact properly raised by a beneficiary who was entitled to raise them and that the cause should proceed to the taking of testimony.