108 So.2d 772 (1959)
Oliver W. FOLMAR, Appellant,
v.
Olivia Anderson DAVIS, as Administratrix of the Estate of Joseph A. Anderson, deceased, Appellee.
No. 58-266.
District Court of Appeal of Florida. Third District.
February 10, 1959.
Anderson & Nadeau, Miami, for appellant.
Smathers, Thompson & Dyer and Douglas D. Batchelor, Miami, for appellee.
PEARSON, Judge.
The issue tried in this cause was the amount of compensation to which the appellant was entitled. He had been replaced, as an attorney, in certain litigation in which he represented one Joseph Anderson, now deceased. The error assigned was that the court erred in finding the amount it awarded as reasonable attorney's fees. A review of the evidence before the trial judge reveals that several expert witnesses testified that the appellant was entitled to a fee much larger in amount than that awarded and only one testified to a smaller amount. No witness testified to the exact amount found by the court.
The determination of the amount of the recovery was largely in the discretion of the trier of facts taking into consideration the service performed, the responsibility incurred, the nature of the service, the skill and time required, the circumstances under which it was rendered, the customary charges for like service, the amount involved, and the importance and results of the litigation. Also in estimating the value of an attorney's services his skill, experience, professional reputation, and even his amount of business may be taken into consideration. The testimony of expert witnesses is to aid and assist in the determination, but such testimony is neither conclusive nor binding on the court or the jury. See Munroe v. Birdsey, 102 Fla. 544, 136 So. 886; Baruch v. Giblin, 122 Fla. 59, 164 So. 831; Powell v. Cocowitch, Fla. 1957, 94 So.2d 589.
Affirmed.
CARROLL, CHAS., C.J., and BARNS, PAULD., Associate Judge, concur.