HORTON, Chief Judge.
This is an interlocutory appeal from a decree in chancery which ordered a partition of certain real property between the appellant and the appellee, mother and daughter, respectively.
The bill of complaint filed by appellant alleged that the parties entered into an oral agreement to jointly purchase nine parcels of real property located in Dade County, Florida, and that each was to pay one-half of the purchase price of the property. Agreements for deed were executed by the appellant and appellee with the sellers, and less than four years later, the sellers executed and delivered a warranty deed, vesting the legal title in the appellant and ap-pellee as tenants in common. The appellant further alleged that she made the down payment on the property and that the ap-pellee had never paid one-half of the price as agreed, and therefore, the court should hold and decree that the legal interest held by the appellee was a resulting or constructive trust for the benefit of the appellant, and that she should be decreed the owner in fee simple of the full title.
The appellee answered the complaint and filed a counterclaim for partition, claiming an undivided one-half interest in the property as a tenant in common with the appellant, and praying that the court should enter a decree of partition and order the land sold if it should appear that partition could not be made without prejudice to the owners.
Upon final hearing, the chancellor dismissed the appellant’s complaint and found *796 that the equities were with the appellee on her counterclaim for partition, and decreed a partition of the property in the appellant and appellee, holding that each was the owner of an undivided one-half interest. The court further reserved jurisdiction “for the purpose of making an order for the sale of said described land in order to carry into effect the partition hereby decreed, and further reserves jurisdiction to make an order fixing the amount of counsel fees to be awarded to counsel for Defendants in partition proceeding and ordering payment thereof, and to make any other orders or decrees necessary, suitable or proper to carry this Final Decree of Partition into effect.”
The appellant urges three points upon which she relies for a reversal of the decree, namely, (1) was the evidence sufficient to enter a decree of partition? (2) did the decree of partition comply with the statutory requirements? and (3-) was the evidence of appellant sufficient to warrant a decree imposing a resulting or constructive trust ?
As to the first two points, we have carefully considered the evidence and find that it was sufficient upon which to base a decree of partition. It is true that the testimony and evidence do not establish to a mathematical certainty the exact amount contributed by the appellee to the purchase of the property in question, but on the other hand, this testimony was met by an overall assertion that the appellant had paid all of the purchase price. Certain letters written by appellant, and received in evidence, admitted receipt of some monies from the appellee as payment on the property. When examined about her letters, the appellant steadfastly contended that ap-pellee had never paid “a dime.” The chancellor was called upon to reconcile these conflicts and we are not prepared to say that he was in error in resolving it as he did.
Insofar as the appellant contends that the decree fails to comply with the statutory requirements, we have been unable to find wherein the decree has violated! any statutory prerequisites or conditions-for a valid decree. The chancellor decreed partition and reserved jurisdiction to make further orders regarding the sale of the property. The decree does not go so far as to order a sale but at best indicates the chancellor’s disposition to enter such an order in the future, as well as to award attorney’s fees to appellee’s counsel who filed the counterclaim for partition. On its face, the decree does not appear to be erroneous but we may observe that until the chancellor determines that the property cannot be partitioned in kind between the parties, then he is not justified in ordering: a sale of the property. Absent such determination, a decree of sale would be contrary to the provisions of the statute. See- §§ 66.06 and 66.07, Fla.Stat, F.S.A. The award of attorney’s fees is discretionary with the chancellor and his conclusion that appellee’s counsel was entitled to an attorney’s fee under the circumstances reflected! by the record here does not demonstrate an abuse of that discretion.
The appellant’s third point involves-the sufficiency of her evidence in support of her complaint to justify a decree in her-favor, declaring a resulting or constructive-trust in the appellee’s interest in the real' property. The chancellor found that the-appellant had failed to offer that quantum of proof required of one urging a resulting- or constructive trust. We have examined, the evidence in light of the rule stated in. Smith v. Smith, Fla.1959, 108 So.2d 761, 763, and conclude, as did the able chancellor, that appellant’s proof falls short of' that required.
Having considered the errors urged by the appellant, and finding the same to be-without merit, the decree appealed should, be and it is hereby affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.