177 So.2d 884 (1965)
CITY OF MIAMI BEACH, a Florida municipal corporation, Appellant,
v.
BELLE ISLE APARTMENT CORPORATION, a Delaware corporation, Beulah King, Rod-Lyn Corporation, and Security Trust Company, as Executor of the Estate of Myrtle Mitchell, deceased, Appellees.
No. 64-1052.
District Court of Appeal of Florida. Third District.
July 20, 1965.
Rehearing Denied September 9, 1965.
Joseph A. Wanick, City. Atty., for appellant.
Tatham & Willner, Wilson Trammell and Kelly, Paige, Black & Black, Miami, Hylan Kout, Miami Beach, for appellees.
*885 Before TILLMAN PEARSON, CARROLL and SWANN, JJ.
SWANN, Judge.
The appellant, City of Miami Beach, seeks review of a jury verdict in favor of the appellees in a suit in which an easement for a public way upon certain property (a private road) was sought to be condemned.
The owners of land abutting on the private road were named as defendants. The appellees, Beulah King, Rod-Lyn Corporation, and Security Trust Company, as Executor of the Estate of Myrtle Mitchell, deceased, filed answers and claimed damages, and defaults were entered against the remaining defendants.
The private road involved was reserved by the subdividers for the private use of the owners of property on Belle Isle. The rights of the defendants arise under a reservation appearing on the plat of Belle Isle and also in an Instrument of Declaration, which was recorded in the Public Records of Dade County, Florida. That part of the reservation in question is as follows:
* * * * * *
"* * * that the tracts shown, marked and designated thereon as `Private Park' and all streets, avenues, drives and ways as shown, marked and designated thereon, including `Bridge Road', `Island Avenue' and `Harbor Lane' and all riparian rights and submerged lands adjacent * * * are hereby granted, reserved and limited to the private use only of the present or future owners of said Belle Isle or any part thereof. * *
"IT IS EXPRESSLY DECLARED that no part of any of said streets, avenues, drives, ways, parks, riparian rights and submerged lands is now, or has been, dedicated or granted to the public use in any way, form or manner whatsoever."
* * * * * *
The plat in question showed a road sixty feet in width. The City had paved and maintained the northerly forty-two feet of the roadway for a long period of time and the court ruled that the City had acquired this portion of the road for public road purposes under Section 337.31, Florida Statutes, F.S.A. The City sought to condemn an easement for a public way over the remaining eighteen feet which had been used by the defendants for various private purposes.
The jury, after a two day trial, returned verdicts for the appellees for the value of the land and a judgment was entered for attorney fees and costs, including fees for expert witnesses.
The appellant assigns as error, inter alia, that the trial court erred in permitting the defendant to testify that the value of the property taken had a direct relationship to the value of the remaining property owned by defendant; that the trial court erred in instructing the jury as to the value of the interest acquired by the owners; that there was no relationship between the amounts of the verdict and the attorney's fees; and that the court abused its discretion in its award of expert witness fees.
In considering the first contention, we note that the appellant did not move for a directed verdict; its motion for new trial was held by the trial court to be untimely and there was no assignment of error to this ruling. Accordingly, we cannot review the weight and sufficiency of the evidence in this matter. Shechan v. Allred, Fla.App. 1962, 146 So.2d 760.
A review of the record indicates that the appellant did not object to the charges given by the trial court and it cannot assign as error the giving of a charge to which it did not object. Rule 2.6 (b), Florida Rules of Civil Procedure, 31 F.S.A.
*886 The appellant contends that the defendants are entitled as a matter of law to only nominal damages, and cites cases for the proposition that only nominal damages should be awarded where the condemning body takes a private road of the same width to be used thereafter as a public road. Those cases are not appropriate here, inasmuch as there is eighteen feet of property on three parcels sought to be condemned which have been used by the defendants for their private use for a long period of time.
2 Nichols on Eminent Domain § 5.1(2) (Rev.3d ed. 1963), states:
* * * * * *
"* * * whenever it appears that there has been a `taking' of land within the meaning of the constitution, it is not merely the owner of the fee who is entitled to compensation, but every person holding an estate or interest in the subject matter of the taking, which will be recognized by the courts as valid as against the owner of the fee, is equally protected by the constitution. The fact that the interest of such person is less than the complete interest, considered either qualitatively or quantitatively, has no bearing upon his right to compensation."
Whenever lawful rights of an individual to the possession, use or enjoyment of his land are in any degree abridged or destroyed by the exercise of eminent domain and his property is pro tanto taken, he is entitled to compensation. Miller v. City of Beaver Falls, 1951, 368 Pa. 189, 82 A.2d 34. An easement or other right to use adjoining property can have considerable value as in the present case, when used in connection with adjoining property owned in fee. See Trustees of Sec. Pres. Cong. v. Public Parking Author., 1956, 383 Pa. 383, 119 A.2d 79; Cox's Incorporated v. Snodgrass, 1952, 372 Pa. 148, 92 A.2d 540; In re West Tenth Street, Borough of Brooklyn, 1935, 267 N.Y. 212, 196 N.E. 30; City v. Jacksonville v. Shaffer, 1932, 107 Fla. 367, 144 So. 888; See generally 29A, C.J.S. Eminent Domain §§ 107-126 (1965).
Under these authorities, the trial court was correct in its decision that the defendants were entitled to just compensation as determined by the jury for their property taken in this cause.
We next consider the correctness of the award of attorney's fees and fees for expert witnesses which are challenged by the appellant. It is elemental in this jurisdiction that where provided by statute, attorney's fees are a part of the court costs. Fees for expert witnesses are also part of the costs. In Dade County v. Brigham, Fla. 1950, 47 So.2d 602, 18 A.L.R.2d 1221, the Florida Supreme Court held:
* * * * * *
"* * * that Section 73.16, Florida Statutes 1941, F.S.A., which provides `All costs of proceedings shall be paid by the petitioner, including a reasonable attorney's fee * * *' should be construed in the light of Section 12 of our Declaration of Rights, F.S.A., which declares that private property shall not be taken `without just compensation.' (Italics supplied.) When so construed the language `All costs of proceedings * * *' must be held, in a proper case, to include fees of expert witnesses for the defendants. The allowance or disallowance of such fees should be a matter for the trial judge to decide in the exercise of sound judicial discretion."
* * * * * *
The factors taken into consideration by the trial judge in exercising his judicial discretion in the award of reasonable attorney *887 fees were discussed in Folmar v. Davis, Fla.App. 1959, 108 So.2d 772, wherein Judge Pearson for this court stated:
* * * * * *
"The termination of the amount of the recovery was largely in the discretion of the trier of facts taking into consideration the service performed, the responsibility incurred, the nature of the service, the skill and time required, the circumstances under which it was rendered, the customary charges for like service, the amount involved, and the importance and results of the litigation. Also in estimating the value of an attorney's services his skill, experience, professional reputation, and even his amount of business may be taken into consideration. The testimony of expert witnesses is to aid and assist in the determination, but such testimony is neither conclusive nor binding on the court or the jury. See Munroe v. Birdsey, 102 Fla. 544, 136 So. 886; Baruch v. Giblin, 122 Fla. 59, 164 So. 831; Powell v. Cocowitch, Fla. 1957, 94 So.2d 589."
* * * * * *
The appellant stipulated to the qualifications of the expert witness who testified as to the fees to be awarded the attorneys for services rendered in the cause. There was substantial competent evidence in the record that the attorney fees and expert witness fees were reasonable and within the limits of the testimony submitted.
No error having been shown, the judgment is
Affirmed.
TILLMAN PEARSON, J., concurs only in the conclusion reached.