197 So.2d 46 (1967)
Samuel I. ADLER et al., Appellants,
v.
Nathan SCHEKTER et Ux., Appellees.
Nathan SCHEKTER et Ux., Appellants,
v.
Samuel I. ADLER et al., Appellees.
Nos. 66-587, 66-588, 66-611, 66-612.
District Court of Appeal of Florida. Third District.
March 27, 1967.
Meyer, Weiss, Rose & Arkin, Miami Beach, Sam Daniels, Miami, for Adler.
Kommel & Rogers, Miami Beach, for Schekter.
*47 Horton & Schwartz, Miami, for Klein, Moore & Kline.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
SWANN, Judge.
Our original opinion of December 6, 1966 is hereby withdrawn and the following is substituted therefor.
Four interlocutory appeals have emanated from a single order allowing fees and expenses in a partition suit. We have consolidated these appeals for appellate purposes.
The plaintiffs sought a partition of their five-sixths interest from the one-sixth interest of the defendants in the Camelot Hall high rise apartment building. After the defendants had filed their answer and counterclaim, the parties entered into a stipulation regarding the sale of the building and an interlocutory order was entered accordingly. This order permitted the parties to advertise the sale of the property, while reserving the jurisdiction of the court to allow fees and expenses. The order also reserved the court's jurisdiction to award attorney's fees.
The Camelot Hall property was subsequently sold for $6,529,000 ($1,328,000 above the existing mortgage) and a hearing was held to allow fees and expenses. The plaintiffs were now represented by new counsel who presented testimony as to the value of the services rendered by the plaintiffs' trial counsel. Following the hearing, an order was entered from which the four interlocutory appeals were taken. The order provided:
"THIS MATTER CAME ON TO BE HEARD on Motion to Fix Fees, etc., at the hearing of which one particular item of expense in the amount of $2,321.27 incurred by defendants for advertising the property noticed for public sale was questioned by the plaintiffs, and the Court after hearing argument of counsel, and after testimony being taken, and being otherwise fully informed in the premises, finds as follows:
"(1) A partition suit is cognizable under the general equitable powers of a Court of Equity. This has been confirmed by Statute, F.S. Chap. 66 [F.S.A.], making practice in partition more or less statutory. Lovett v. Lovett [93 Fla. 611], 112 So. 768, 778 (Fla. 1927) reh. den.
"(2) Since F.S. Sec. 66.08 [F.S.A.], expressly mentions `costs' and `charges,' it can only mean that charges (expenses) may be authorized when appropriate as so found by the Court over and above the costs of litigation.
"(3) Under Paragraph 8 of the Interlocutory Decree of August 19, 1965, this Court expressly reserved the right to determine whether such `cost' (meaning expense), as the advertising in question, shall be charged as expense of the sale.
"(4) Even without such express reservation, the Equity Court had an implied and inherent power to allocate costs and expenses under its general equity powers of equitable jurisdiction in partition, same being expressly confirmed by statute, as noted above.
"(5) The advertising in question, the reasonable cost of which is not disputed, was made for the purpose of more effectively producing prospective purchasers and raising the bid at the public sale, a recognized benefit common to all of the parties in partition collectively.
"(6) On the question of attorneys' fees, the Court further finds as follows:
"(a) F.S., Sec. 66.08 [F.S.A.] provides that each party in interest is bound to pay an attorney's fee, the amount of which is left to the discretion of the Court. Hasle v. Maasbrook [Maasbrock], 120 So.2d 794 (Fla.App. 1960) reh. den.
"(b) However, the Court is without power to measure an attorney's fee, except *48 on the basis of quantum meruit, or a quid pro quo. Brickell v. DiPietro [152 Fla. 429], 12 So.2d 782 (Fla. 1943) reh. den.
"(c) Further, the statute, F.S., Sec. 66.08 [F.S.A.], expressly provides that the cost of the suit, including attorney's fees, shall be imposed in proportion to the parties' interest in the property involved. See also Glass v. Layton [140 Fla. 522], 192 So. 330, 334 (Fla. 1939) (construing former CGL 5001 now embodied in F.S. Sec. 66.08 [F.S.A.]); McQueen v. Forsythe, 55 So.2d 545, 547 (Fla. 1951); Taylor v. Taylor, 97 So.2d 323 (Fla.App. 1957) reh. den. The Court is constrained to follow the statute, although in the case at bar where plaintiffs' interest in the property involved is five-sixths, and defendants' interest is one-sixth, the proportionate award of attorney's fee on that basis is clearly not according to quantum meruit, even though the total fee awarded is within the principles of quantum meruit.
"(d) On the question as to what is a reasonable fee in the case at bar, this Court elects to follow the Schedule of Minimum Fees in Partition of the Dade County Bar Association, using the sales price of $1,329,000.00 as a basis (exclusive of the $5,200,000.00 mortgage), which formula yields the amount of $31,130.00 as the total fee. Of this amount, plaintiffs' attorneys are entitled to five-sixths thereof, or $25,942.00 and defendants' attorneys to the remainder, or $5,188.00.
"It is, therefore, upon consideration
"ORDERED, ADJUDGED and DECREED that:
"(7) The sum of $2,321.27, expended by the defendants for advertising as aforesaid, be and it hereby is, approved as an appropriate expense of the public sale, and the same shall be apportioned as the interest of the parties appear in this case.
"(8) The sum of $31,130.00 be, and it hereby is, awarded as total attorneys' fees, in addition to the costs of litigation and other charges approved by this Court in this partition suit.
"(9) Upon final disbursement of the funds of the public sale plaintiffs are hereby ordered to pay their attorneys five-sixths of the said $31,130.00, or $25,942.00.
"(10) Upon final disbursement of the funds of the public sale, defendants are hereby ordered to pay their attorneys one-sixth of the said $31,130.00, or $5.188.00. (sic). This Court is of the opinion that the defendants' attorneys have rendered valuable services to this cause in the amount of at least $10,000.00, and if it was authorized to do so would have so ordered  but it is prohibited by law from so doing. Counsel will have to look to their clients for remuneration above and beyond that herein provided for."
* * * * * * *
On appeal, the plaintiffs take the position that the total fees were excessive for an "uncontested partition action" and that they should not be assessed for five-sixths of the advertising expense incurred by the defendants. The defendants take the position that while the total fee was reasonable, the allocation of fees in proportion to the interests of the parties in the property was improper. The defendants also maintain that the proportional allocation of expenses was proper.
Trial counsel for the plaintiffs contend that both the gross award and proportional allocation of fees were reasonable. (They venture no opinion as to the proportional allocation of expenses.)
There is no question that the advertising expenses were actually incurred, nor is there any contention that they were unreasonable or for an improper purpose. It *49 has recently been decided that Chapter 66.08, Florida Statutes, F.S.A. (1963), does not permit a chancellor in partition suits to apportion or tax costs on equitable principles.[1] The chancellor here expressly apportioned these costs and expenses in accordance with the proportionate interest of the parties in the property. We therefore affirm this part of the order.
With regard to the reasonableness of the attorneys' fees, the chancellor elected to follow the schedule of minimum fees set by the Dade County Bar Association for partition actions. He then awarded the $31,130 gross fee based upon the net amount received of $1,329,000, allocating five-sixths of this amount ($25,942) to plaintiffs' trial attorneys and the remaining one-sixth to defendants' attorneys.
In the case of Munroe v. Birdsey, 102 Fla. 544, 136 So. 886 (1931), the Supreme Court discussed the question of attorney fees in partition suits and said:
* * * * * * *
"The question of attorney's fees is a very delicate one to treat, the law authorizing a fair, just, and reasonable compensation, comporting with the service rendered, but the elements that enter into the determination of such an amount are many and varied. The service performed, the responsibility incurred, the nature of the service, the skill required, the circumstances under which it was rendered, the customary charges for like service, the amount involved, and the ability of litigants to respond, may be mentioned as some of these elements. Our statute laying costs in partition suits (section 3209, Revised General Statutes of 1920, section 5001, Compiled General Laws of 1927) in effect provides that every party in interest shall be required to pay a portion of the costs and charges, including the fee of complainant's solicitor, in proportion to his interest." (Emphasis supplied.)
* * * * * * *
In this case, the record discloses no evidence as to the amount of time spent by plaintiffs' trial counsel in the matter. This, too, is an element to be considered in the allowance of reasonable attorney's fees. Baruch v. Giblin, 122 Fla. 59, 164 So. 831 (1936).
Where, as here, the fee is based purely on the schedule of fees suggested by a local bar association, it violates the rule of Munroe v. Birdsey, supra, and Brickell v. DiPietro, 1943, 152 Fla. 429, 12 So.2d 782, wherein the Supreme Court stated:
* * * * * * *
"* * * Under the law of this State, all parties interested in a partition suit may be required to bear a portion of the cost including reasonable attorney's fee. Cases may arise in which the value of the land would be a criterion for determining the amount of the fee but we cannot see that it had any such status in this case."
* * * * * * *
"A court is without power to measure an attorney's fee except on the basis of quantum meruit or a quid pro quo. The litigant who pays it may do more. He may make it an honorarium and will occasionally do so when he has a skilled diplomat for a lawyer but such payments furnish no guide for measuring fees in general. Testifying to a reasonable fee is delicate business and should be done with a view to common sense realism, that is to say, it should pose an amount that public standards will approve for the work done, the time consumed, and the skill required. Strict observance of these elements begets public confidence but evidence which side steps them has no relation to them or that which is given as a professional courtesy affords no aid in reaching a just judgment. So much may be said of evidence based on schedules of *50 fees that is not shown to bear a proper relation to these elements as they effect the case in hand."
* * * * * * *
This is not to say that, upon proper evaluation of the services rendered, the same total fee may not be awarded; merely that the amounts awarded to each attorney must be arrived at in accordance with the standards prescribed above. It might be that upon consideration of services rendered, responsibility incurred, skill required, customary charges, amount involved, time consumed, etc., such a total fee would be appropriate. These factors were not presented by substantial competent evidence sufficient to sustain the award to the plaintiff's attorney and the trial judge himself indicated that his award to the defendants' attorney was inadequate to properly compensate him for the value of his services. Consequently, the total fee must be set aside, as well as the awards to the respective attorneys.
Under Section 66.08, Florida Statutes, F.S.A., each attorney may be awarded a fee commensurate with the services he has rendered of benefit to the partition. The pertinent portion of the statute provides that the fee awarded to each attorney is to be "* * * commensurate with their services rendered, and of benefit to the partition, in the discretion of the court, to be determined upon equitable principles * * *." (Emphasis added.) These "equitable principles" consist of the standards set forth in the above cited cases.
While the fees each attorney is to receive must be determined in accordance with the principles set forth above, each party must be made to bear a share of these fees in proportion to his interest in the partitioned property.
If it appears that the attorney representing a minority interest has performed necessary services of greater value in the partition suit than those performed by the attorney for the majority interest, we see no reason why he could not receive the larger fee. The burden of this fee, however, is to be borne by the parties in proportion to their interests; that is, the majority interest would be made to bear the greater portion of the fee awarded to their own attorney, as well as the majority of the fee awarded to the attorney for the minority interest. Similarly, the share which the minority interest must bear in such fees is the percentage which their interest bears to the whole.
Accordingly, the order appealed from is affirmed in part and reversed and remanded in part, with instructions that the trial court hear such evidence as is necessary and appropriate for the determination of proper and reasonable attorneys' fees, in accordance herewith.
It is so ordered.
NOTES
[1] The Deltona Corporation v. Kipnis, Fla.App. 1967, 194 So.2d 295 (modified on rehearing Feb. 8, 1967.)