QUESTION: May a municipal court assess the "prosecutor's charges or fee" as costs against a person convicted in such court for violation of a municipal ordinance?
SUMMARY: Pursuant to s. 166.021, F.S., a municipal legislative and governing body may adopt a municipal ordinance authorizing the municipal court to assess a municipal "prosecutor's charge or fee" or conviction fees as part of the taxable costs in each case where conviction is had or bond estreated in the municipal court. "Costs" are generally defined as allowances authorized by law to reimburse the successful party for expenses incurred in prosecuting or defending an action, which may include attorney's fees and expert witness fees where provided by law. Gullette v. Ochoa, 104 So.2d 799, 802 (1 D.C.A. Fla., 1958); in re Field's Estate, 121 So.2d 46, 47 (1 D.C.A. Fla., 1960); City of Miami Beach v. Belle Isle Apartment Corp., 177 So.2d 884, 886 (3 D.C.A. Fla., 1965); Lang v. Lang, 252 So.2d 809, 813 (4 D.C.A. Fla., 1971). Cf. ss. 34.11, 125.04, and 125.041, F.S. 1969. Thus, in order to impose any costs on a person convicted in municipal court for violating a municipal ordinance, there must be a lawful authorization therefor. See, generally, 62 C.J.S. Municipal Corporations s. 381, p. 727, stating that "[i]n the absence of power expressly granted or arising by necessary implication, a municipal corporation cannot impose on defendant the costs of the prosecution." With respect to special law authorization, your municipal charter and other applicable special legislation should be examined. But see s. 166.021, F.S., converting into ordinances, or nullifying and repealing, many provisions of municipal charters. With respect to general law authorization, I am aware of no statutory provision — with the exception of s. 8(3) and (5), Ch. 74-386, Laws of Florida [s. 943.25, F.S. (1974 Supp.)], not applicable here — which specifically authorizes municipal courts to assess any costs against persons convicted of violating municipal ordinances. Section 939.01, F.S., which provides that "[i]n all cases of conviction for crime the costs of prosecution shall be included and entered up in the judgment rendered against the convicted person," (Emphasis supplied.) to my knowledge has never been judicially interpreted as applying to convictions for violations of municipal ordinances. Violations of municipal ordinances do not constitute crimes. Boyd v. County of Dade, 123 So.2d 323, 329-330 (Fla. 1960), and Florida decisions cited therein. Also see, generally, 22 C.J.S. Criminal Laws s. 1b, p. 2, defining a "crime" as "an offense against the sovereign"; and 9 McQuillin Municipal Corporations s. 27.37, p. 696, stating that "[v]iolations of municipal police regulations are not usually regarded as crimes as that term is used in our law." Notwithstanding this apparent lack of specific authorization in the general law, however, I am of the opinion that the governing body of a municipality may adopt an ordinance providing for the assessment of the type of costs to which you refer. The authority for doing so derives from s. 166.021(1), F.S., of the Municipal Home Rule Powers Act, which provides in pertinent part that municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law." See also s. 166.021(2), id., defining "municipal purpose" to mean "any activity or power which may be exercised by the state or its political subdivisions"; and s. 166.041(1)(a), id., defining "ordinance" to mean "an official legislative action of a governing body, which action is a regulation of a general and permanent nature and enforceable as a local law." (Emphasis supplied.) In this regard, I find nothing in general law which would expressly prohibit a municipality's legislative and governing body from adopting an ordinance authorizing that municipality's court to assess the "prosecutor's charges or fee" or conviction fees as part of the taxable costs in each case where conviction is had or bond estreated. Moreover, it is clear that the State Legislature could so authorize a municipal court. Cf. ss. 125.04 and 125.041, F.S. 1969, providing for conviction fees for employed county prosecutors to be taxed as part of the costs in each case where conviction was had or bond estreated in the county judges' courts; and s. 34.11, F.S. 1969, as to conviction fees for the elective prosecutors for the former county courts; also cf. s. 8(3) and (5), Ch. 74-386, Laws of Florida. Thus, it would seem that, pursuant to s. 166.021, id., a municipality's legislative and governing body could do likewise by ordinance. Cf. AGO's 070-183, 072-351, 072-352, 073-324, and 073- 448. In adopting and implementing such an ordinance, however, the municipality's legislative and governing body and court should be particularly aware of the constitutional safeguards afforded indigents and insolvent defendants. See Williams v. State of Illinois,399 U.S. 235, (1970); cf. s. 939.15, F.S.