317 So.2d 811 (1975)
DIVISION OF ADMINISTRATION, STATE OF Florida DEPARTMENT OF TRANSPORTATION, Appellant,
v.
CONDOMINIUM INTERNATIONAL, Individually, et al., Appellees.
No. 75-385.
District Court of Appeal of Florida, Third District.
July 29, 1975.
Geoffrey B. Dobson, Winifred Sheridan Smallwood and George L. Waas, Tallahassee, for appellant.
Sibley, Giblin, Levenson & Ward, John R. Farrell, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This is an appeal by the Florida Department of Transportation (D.O.T.) from an order awarding the condemnee-appellee's attorney a $225,000 fee for his representation of the appellee in an eminent domain case.[1]
The trial judge, in entering the award, rendered a nine-page opinion containing a recitation of the facts and his interpretation of the law supporting the award of the attorney's fee.
We do not deem it necessary to repeat in detail the particular facts outlined in the trial court's order, although we would point out that the order has been beneficial in reminding this court that the trial judge was quite aware of the complexities of this case when he entered the award now at issue.
Of importance, was the court's finding that "[T]his was an exceptionally complex eminent domain proceeding... ." The appellee's attorney, John R. Farrell, testified that he spent from 2,000 to 3,000 hours on this case. (From the record, it is apparent that Farrell does not keep daily time records, and we agree with the appellant that Farrell's time estimate was in reality a "guesstimate", not necessarily an accurate reconstruction).
Farrell further testified that he is an experienced condemnation lawyer (indeed 90 to 95 per cent of his work is exclusively devoted to this field of law) and that this case was the most difficult eminent domain case he has ever handled.
*812 The court in its order summarized the monetary result achieved for Farrell's client, the appellee, in the following manner:

 "Total Defendant Recovery:
 (including interest) $1,521,557.73
 "Initial D.O.T. Offer $ 543,200.00
 "Result Achieved for
 Defendant $ 978,357.73."

Furthermore, the court "noted that from the time this eminent domain proceeding was filed until the jury returned its verdict, the Department at no time undertook any steps toward the possibility of settlement without the necessity of trial."
In addition, the trial judge observed that the appellee had obtained approximately a 300% increase over the D.O.T.'s original offer despite the "difficult psychological reality" that on October 10, 1972 when the D.O.T. deposited funds into the Registry of the Court (pursuant to the quick-take provisions of Chapter 74, Florida Statutes), the real estate market was in a comparably superior state to the market prevailing on November 4, 1974, the week of trial, when substantial economic recession problems had beset the real estate market.
The court below accepted the testimony of expert witnesses on behalf of Farrell as persuasive and helpful (while at the same time recognizing that it was not binding on the court). Farrell's witnesses, George W. Wright, Jr. and Toby Prince Brigham, each condemnation lawyers in their own right, testified respectively that a reasonable attorney's fee would be $225,000 and in the range of $244,000 to $275,000. (Farrell informed the court that a reasonable fee for himself would be $250,000).
While the court heard no evidence from the D.O.T. to rebut the expert testimony on Farrell's behalf, the attorney representing the Department at the hearing on the attorney's fee stated that a reasonable fee would be $150,000. (This figure was arrived at by multiplying 1,000 hours by $150 per hour; in other words, on a strict hourly basis.)
A reading of the testimony in the record reveals that there really is no precise means of reconstructing the amount of hours which Farrell devoted to this case.[2] The cause spanned approximately two and a half to three years, and the D.O.T.'s counsel managed to obtain from Farrell a vague acknowledgment that he had spent approximately one-third of his time on this case alone.
Therefore, in its brief the D.O.T. calculates a reasonable fee which it contends approaches the fee recommended by its own attorney (viz., $150,000).
In doing so, the Department relies on an article which appeared in the April 1974 issue of the legal periodical Juris Doctor (entitled "I'd Rather Do It Myself  How to Start Your Own Law Office" by Stephen Gillers). Therein the author states that the number of standard billable hours an attorney has per year ranges from 1,200 to 1,400.
Taking the latter figure as the amount of time expended by Farrell upon the instant case (1/3 of his time divided into the almost three-year period of the case), the D.O.T. multiplied that by $100 per hour (a figure at odds with the $150 figure employed before the trial court) and reaches a sum of $140,000 as a reasonable fee.
While the D.O.T.'s fee computation is plausible, we do not think the formula employed has been shown to include all the legal factors included in awarding a reasonable attorney's fee.
*813 In Folmar v. Davis, Fla.App. 1959, 108 So.2d 772, this court made the following statement of the law relative to attorney's fees:
"[1-3] The determination of the amount of the recovery was largely in the discretion of the trier of facts taking into consideration the service performed, the responsibility incurred, the nature of the service, the skill and time required, the circumstances under which it was rendered, the customary charges for like service, the amount involved, and the importance and results of the litigation. Also in estimating the value of an attorney's services his skill, experience, professional reputation, and even his amount of business may be taken into consideration. The testimony of expert witnesses is to aid and assist in the determination, but such testimony is neither conclusive nor binding on the court or the jury. See Munroe v. Birdsey, 102 Fla. 544, 136 So. 886; Baruch v. Giblin, 122 Fla. 59, 164 So. 831; Powell v. Cocowitch, Fla. 1957, 94 So.2d 589."
This court and other courts in Florida consistently have held the view that these standards are applicable in eminent domain proceedings and only where a clear abuse of discretion has been demonstrated will an award of attorney's fees be disturbed. See, Florida East Coast Railway Co. v. Martin County, Fla. 1965, 171 So.2d 873; Ocala Manufacturing Ice & Pack. Co. v. Canal Auth., Fla.App. 1974, 301 So.2d 495 (See also, Canal Auth. v. Ocala Manufacturing Ice & Pack. Co., Fla.App. 1971, 253 So.2d 495); City of Miami Beach v. Manilow, Fla.App. 1971, 253 So.2d 910; City of Miami Beach v. Liflans Corporation, Fla. App. 1972, 259 So.2d 515; Compare, Posner v. Posner, Fla. 1975, 315 So.2d 175.
Appellant heavily relies on this court's recent decision in Dade County v. Oolite Rock Company, Fla.App. 1975, 311 So.2d 699 as well as Manatee County v. Harbor Ventures, Inc., Fla.App. 1975, 305 So.2d 299.
A careful scrutiny of the holdings in each case convinces us that the court determined, based upon the particular circumstances, that the fees awarded were unrealistic and exceeded the bounds of the trial court's discretion.
Appellant argues that the award in this case is a straight percentage fee (15% of $1.5 million, the ultimate jury verdict determining the value of the property), a practice specifically rejected by the court in the Manatee County case.
We cannot agree with that contention because the order appealed is not susceptible to such an interpretation. As a matter of fact, the trial court specifically stated that he had considered all the factors contained in Canon 2 of the Code of Professional Responsibility [DR-2-106(B)].
In sum, while we agree that the fee awarded in this case is high, it is not one which we consider so excessive as to constitute an abuse of discretion.
The record shows that Farrell is an experienced and skilled condemnation lawyer who achieved a desirable result for his client and in so doing expended an extraordinary amount of time in what he said was the most difficult eminent domain case he has ever had.
It might be worthwhile to recall that the Florida Constitution, Article X, Section 6(a), reads: "No private property shall be taken except for a public purpose and with full compensation therefor paid to each owner or secured by deposit on the registry of the court and available to the owner."
Further, Fla. Stat. § 73.091, F.S.A. specifically provides that the condemning authority must pay "all reasonable costs of the proceedings in the circuit court, including a reasonable attorney's fee to be assessed by that court."
Attorney's fees have been construed to be an element of costs in a condemnation proceeding and therefore an expense which *814 the owner of private property is entitled to receive as "just compensation" for the taking of his property. See, City of Hallandale v. Chatlos, Fla. 1970, 236 So.2d 761; Dade County v. Brigham, Fla. 1950, 47 So.2d 602.
The courts of this state recognize that eminent domain cases present one of the most harsh proceedings known in the law. See, City of Lakeland v. Bunch, Fla. 1974, 293 So.2d 66; Brest v. Jacksonville Expressway Authority, Fla.App. 1967, 194 So.2d 658. We do not believe it can be gain-said that landowners are entitled to be represented in condemnation cases by able and competent counsel, who in turn are entitled to be fairly and fully compensated for the services they render.
Therefore, for the reasons stated and upon the authorities cited and discussed herein, the order appealed is affirmed.
Affirmed.
NOTES
[1] The condemnation proceeding in this case was instituted by the D.O.T. in order to acquire land southwest of the Miami International Airport near the Florida International University for a limited access right of way.
[2] We agree with the appellant's suggestion that accurate time records by lawyers involved in condemnation matters (and therefore who might reasonably expect to be compensated from public funds) might facilitate a more exact computation of attorney's fees. Cf., Lindy Bros. Bldrs., Inc. of Phila. v. American R. & S. San. C., 382 F. Supp. 999 (E.D.Pa. 1974); Canon 2 Code of Professional Responsibility [DR 2-106(B)(1)].