HENDRY, Judge.
The final judgment of partition under appeal is affirmed in all respects except for the provision therein for attorneys’ fees and costs. By the terms of the final judgment the plaintiff/appellee was awarded the sum *807 of $28,415.00 and the defendant/appellant was awarded the sum of $19,085.00, to be paid from the agreed upon $50,000.00 sales price of the partitioned real estate in which the parties’ equity was valued at $42,500.00. It was additionally ordered that the defendant pay to counsel for the plaintiff the sum of $5,500.00 for attorneys’ fees and court costs, “the Court having determined that the Plaintiff was forced to abandon the real property at issue on or about February, 1980 and the Defendant having the exclusive, quiet enjoyment of the rental property since the date and counsel for Plaintiff having to file numerous Motions to compel discovery and to compel the prosecution of this cause.... ”
The amount of attorneys’ fees to be awarded in a partition action is within the discretion of the trial court, Hasle v. Maasbrock, 120 So.2d 794 (Fla. 3d DCA 1960). Criteria upon which the fee award is properly determined include “[t]he service performed, the responsibility incurred, the nature of the service, the skill required, the circumstances under which it was rendered, the customary charges for like service, the amount involved, and the ability of litigants to respond.” Adler v. Schekter, 197 So.2d 46, 49 (Fla. 3d DCA 1967). Once the amounts of the attorneys’ fees have been established, the provisions of Section 64.081, Florida Statutes (1981), come into play:
“Every party shall be bound by the judgment to pay a share of the costs, including attorneys’ fees to plaintiff’s or defendant’s attorneys or to each of them commensurate with their services rendered and of benefit to the partition, to be determined on equitable principles in proportion to his interest....”
This “apportionment” under the statute has been interpreted to mean that the majority interest should bear the greater proportion of the fees awarded to his own attorney, as well as to the attorney for the minority interest, and the minority interest similarly should bear a share of fees in proportion to his interest. Adler v. Schekter, supra.
In the instant case, the record and the order appealed reflect that the trial court (a) did not apply all of the relevant criteria in arriving at the award of attorneys’ fees to the plaintiff’s counsel; (b) did not make a determination as to the amount of attorneys’ fees earned by counsel for the defendant; and (c) failed to apportion such fees between the parties in accordance with their respective interests in the partitioned property. For these reasons, the final judgment under appeal is reversed in part and remanded with directions to determine proper and reasonable attorneys’ fees and the respective liabilities of the parties therefor, in conformity with the principles expressed herein.
Affirmed in part, and reversed and remanded in part, with directions.