**Division of Administration, et al. v. Allright Properties**
Case No. 83-5740 CA10
Eleventh Judicial Circuit, Dade County
October 27, 1983

Carol A. Forthman, for plaintiffs.

Leon D. Black, Jr., for defendant.

LENORE C. NESBITT, Circuit Judge

Plaintiffs filed Motion for Order Requiring Timekeeping as follows:

Plaintiff moves for an Order requiring that Defendant's attorney(s) and expert witnesses keep records of time attributed to work on this case and as reason therefore states the following:

1. Section 73.091, Florida Statutes, required that:

"The Petitioner shall pay all reasonable costs of the proceedings in the Circuit Court, including a reasonable attorney's fee to be assessed by that Court."

2. Section 73.092, Florida Statutes, requires that:

"In assessing attorney's fees in eminent domain proceedings, the court *shall* consider:

(1) Benefits resulting to the client from the services rendered.

(2) The novelty, difficulty, and importance of the questions involved.

(3) The skill employed by the attorney in conducting the cause.

(4) The amount of money involved.

(5) The responsibility incurred and fulfilled by the attorney.

(6) *The attorney's time and labor reasonably required adequately to represent the client.*

However, under no circumstances shall the attorney's fees be based solely on a "percentage of the award." (emphasis added).

3. The Code of Professional Responsibility, Canon 2, DR 2-106 states. "Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) Time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal service.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation and ability of the lawyer performing the services.

(8) Whether the fee is fixed or contingent.''

4. A timekeeping requirement will provide these benefits:

(a) The Court will be aided in assessing a reasonable attorney's fee and reasonable expert witness fees in accordance with the above statutory guidelines and Code of Professional Responsibility.

(b) Plaintiff will be able to more effectively examine the reasonableness of the fees requested and to defend against unreasonable requests. Plaintiff believes such information will aid significantly in reaching settlement on fees and costs and thus avoid litigation on the issue.

(c) Defendant will be able to support claim more readily, especially where fees are large relative to the benefits obtained or other unusual circumstances exist.

5. Plaintiff specifically requests that records be kept by Defendant's attorney(s) and their experts as to the number of hours claimed per day, the days claimed and the general nature of the work performed.

6. Plaintiff's request that the Order be enforced by requiring such records before payment is made. This request is not exepected to be retroactive for hours already expended in the case but is prospective only. The motion is made relatively early in the case to allow for accurate reflection of time required.

_____

In its Memorandum of Law in Support of the Motion, Plaintiffs stated in part:

". . . Plaintiff does not contend that hours expended are the sole determinant of a reasonable fee and explicitly acknowledges that the other factors enumerated in Section 73.092, Florida Statutes, and DR2-106 of the Code of Professional Responsibility are of equal weight in the determination. However, hours are explicitly mentioned in both the Statute and the Code as a factor to be considered. Section 73.092 stated in part: "In assessing attorney's fees in eminent domain proceedings, the Court *shall* consider: (6) The attorney's time and labor reasonably required adequately to represent the client." (emphasis added). DR2-106, Code of Professional Responsibility states in part: "Factors to be considered as guides in determining the reasonableness of a fee include the following: (1) The time and labor required. . ." Provisions for payment of attorney's fees and costs are in direct conflict with the usual common law rules and should be strictly construed, *B&L Motors, Inc.*

*v. Bignotti*, 427 So.2d 1070 (2 D.C.A. 1983), *Service Insurance Co. v. Gulf Steel Corporation*, 412 So.2d 967 (2 D.C.A. Fla. 1982). . ..''

The availability of accurate time records will avoid excessive reliance on the value of the property involved or the benefits gained, which reliance has been specifically disapproved by the Courts, *Dade County v. Oolite Rock Co.*, 311 So.2d 699 (3 D.C.A. 1975) and *Manatee Co. v. Harbor Venture, Inc.*, 305 So.2d 299 (2 D.C.A. 1974). Section 73.092, Florida Statutes, disallows attorney's fees based solely on the benefit obtained.

''. . . Eminent domain proceedings often involve valuable properties and complex problems of valuation and property law that require extensive expert analysis. These same parcels often take one to several years to bring to trial. When this occurs, and even in shorter cases, reconstruction of time expended by attorneys and witnesses becomes impossible without records. This leads to estimates of hours that can range over a span of 1,000 hours for one case. In *D.O.T. v. Condominium International*, 317 So.2d 811, at 811 (3 D.C.A. 1975), the Court recognized that an estimate by an attorney that he spent 2,000 to 3,000 hours on a case was ''in reality a 'guesstimate' and not necessarily an accurate reconstruction.'' However, without a requirement that records be kept, such ''guesstimates'' become the only records a court can work with. Plaintiff is put at an unfair disadvantage in contesting a fee request when the time on which it is based comes solely from the Defendant's self-interested estimate and doubly so when the estimate is vague and unverifiable. . .''

---

The following Order was entered by the Court:

THIS CAUSE came on to be heard upon Plaintiff's Motion to compel Defendants' attorneys to keep time records, and the Court having considered same, having heard argument of counsel, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

The Court finds that to grant the Plaintiff's Motion would necessarily involve the Court in an unwarranted intrusion in the affairs and operations of the practice of attorneys. Plaintiff's Motion is, therefore, denied.