SAWAYA, J.
Roberta Fernandez-Fox (Fox) appeals the final judgment in favor of Mark Reyes, personal representative for the Estate of David Lindsay, and Vivian Titus, Lindsay’s step-daughter-in-law. Of the issues raised in this appeal, the only issue we will discuss is whether the trial court erred in failing to award attorney’s fees to Fox for her participation in the partition action that resulted in the final judgment we review. We reverse that part of the judgment awarding attorney’s fees only to Reyes. In all other respects, the judgment is affirmed.
Fox and the decedent, David Lindsay, owned property together. The deed specified their ownership as tenants in common. After the decedent died, Fox filed a multi-count complaint for, inter alia, reformation of the deed, imposition of a constructive trust, and to quiet title to the property. The trial court entered summary judgment in favor of Reyes on those counts. Regarding the issues Fox raises as to those counts, we affirm without further discussion.
Fox’s complaint also contained two counts pled in the alternative — one seeking imposition of an equitable lien for the amount Fox had expended in the maintenance, taxes, and mortgage on the property and the other asking for partition and an accounting and contribution for expenses she was forced to pay for the property. The case proceeded to final hearing on those counts and on Reyes’ counterclaim for partition and accounting. Each party agreed that partition of the property was appropriate, thus leaving the monetary claims to be resolved by the trial court. Partition was ordered and, because the property could not be properly divided, the court further ordered that the property be sold. Fox was awarded a certain amount pursuant to her equitable lien count and, after setoffs were calculated, she received a lien in the amount of $2,721.37. Her lien was made inferior to payment of the attorney’s fee award to Reyes for his participation in the partition action. The trial court held that Fox was not entitled to attorney’s fees for the partition action. Fox contends that it was error not to award her attorney’s fees as well. We agree.
The amount of attorney’s fees to be awarded in a partition action is within the discretion of the trial court. Hasle v. Maasbrock, 120 So.2d 794 (Fla. 3d DCA 1960). The award is based upon “ ‘[t]he service performed, the responsibility incurred, the nature of the service, the skill required, the circumstances under which it was rendered, the customary charges for like service, the amount involved, and the ability of litigants to respond....’” Adler v. Schekter, 197 So.2d 46, 49 (Fla. 3d DCA 1967) (quoting Munroe v. Birdsey, 102 Fla. 544, 136 So. 886, 887 (1931)). After a trial court establishes the amount of fees, a trial court is to award fees based on section 64.081, Florida Statutes, which governs fees in partition actions. That statute provides:
Every party shall be bound by the judgment to pay a share of the costs, including attorneys’ fees to plaintiff’s or defendant’s attorneys or to each of them commensurate with their services rendered and of benefit to the partition, to be determined on equitable principles in proportion to the party’s interest. Such judgment is binding on all his or her goods and chattels, lands, or tenements. In case of sale the court may order the costs and fees to be paid or *897 retained out of the moneys arising from the sale and due to the parties who ought to pay the same. All taxes, state, county, and municipal, due thereon at the time of the sale, shall be paid out of the purchase money.
§ 64.081, Fla. Stat. (2010) (emphasis added).
Pursuant to this statute, each party to a partition action must pay a share of the attorney’s fees to the plaintiffs attorney, the defendant’s attorney, or to each of them. The share is to be set with reference to the services rendered by the attorney(s) that are of benefit to the partition— “to be determined on equitable principles in proportion to the party’s interest.” Id.; see also Deshommes v. Bazin, 421 So.2d 806, 807 (Fla. 3d DCA 1982) (“This ‘apportionment’ under the statute has been interpreted to mean that the majority interest should bear the greater proportion of the fees awarded to his own attorney, as well as to the attorney for the minority interest, and the minority interest similarly should bear a share of fees in proportion to his interest.”).
Here, the court reasoned that because Fox’s first three counts essentially sought full title in herself and she had sought partition only in the alternative, it was Reyes who was the impetus for the partition action because he had sought only partition. The trial court concluded, therefore, that only Reyes was entitled to fees. We disagree.
Reyes was not the “impetus” for the partition, contrary to the trial court’s con-elusion, but rather it was Fox who first pled for partition, albeit in the alternative. After Fox suffered the partial summary judgment on her first three counts, all that was left was a trial to take evidence on the monetary claims each side was making for maintenance, etc., because, after the accounting, both sides were in agreement that partition was appropriate. Hence, we believe that both Fox’s attorney and Reyes rendered services of benefit to the partition portion of the suit. Reyes would have provided greater services because he had to defend and overcome Fox’s first three counts to even get the case into partition posture, but that fact does not preclude Fox’s attorney from receiving some award of fees based solely on the acts he or she took towards partition.[1] We, therefore, conclude that the court erred by failing to make any determination regarding the amount of attorney’s fees Fox’s attorney earned advancing her partition count.
Accordingly, we reverse the award of attorney’s fees and remand with directions to the trial court to take evidence on the fees earned by Fox’s attorney for the partition count and apportion that amount in making the final fee award. In all other respects, the final judgment is affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED.
PALMER and JACOBUS, JJ„ concur.

. See Diaz v. Sec. Union Title Ins. Co., 639 So.2d 1004, 1006 (Fla. 3d DCA) (holding that attorney’s fees for work done in actions prior to the partition action, i.e., work performed to defeat a reformation suit, were compensable in partition action because these prior actions to establish or protect title to the property are properly deemed "of benefit to the partition"), review denied, 649 So.2d 232 (Fla.1994). Under Diaz, Reyes' work done in defense of Fox's first three counts is recognizable in the fee award for work done in the partition portion of the suit. This does not abrogate Fox’s right to have a set-off of the value of her attorney’s services in the partition portion.