IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ALEXANDRA MARIA CASIANO,

       Appellant,

 v.

                                 Case No.  5D23-0010
                                 LT Case No. 2019-CA-240

FLORENCE CASIANO,

       Appellee.

_____/

Opinion filed July 7, 2023

Appeal from the Circuit Court
for Nassau County,
James H. Daniel, Judge.

Starlett M. Massey, of Massey Law
Group, P.A., St. Petersburg, and
Rhonda B. Boggess, of Marks Gray,
P.A., Jacksonville, for Appellant.

Arthur I. Jacobs, Richard J. Scholz,
and Douglas A. Wyler, of Jacobs
Scholz & Wyler, LLC, Fernandina
Beach, for Appellee.


SOUD, J.

Appellant Alexandra Maria Casiano appeals the trial court's final accounting and distribution of proceeds resulting from the judicial sale of the subject property following the trial court's order requiring partition. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(A). We affirm in all respects and write to address the trial court's award of attorney's fees only to Appellee.

I.

Appellant and her mother, Appellee Florence Casiano, jointly owned a residential property in Fernandina Beach, Florida, with each owning an undivided one-half interest as joint tenants with right of survivorship. Appellee originally purchased the subject property in December 2017 together with her father. Shortly after Appellee's purchase of the property with her father, Appellant resided at the property at issue, while Appellee lived next door. Subsequent to Appellee's father's death, in December 2018 Appellee transferred to Appellant via quitclaim deed Appellant's fifty percent interest in the property.

After the relationship between the parties deteriorated, Appellee filed her complaint seeking partition and sale of the subject property. The parties stipulated the property could not be partitioned in-kind. Ultimately, following a bench trial the property was sold at judicial sale. After the sale, the trial

court entered its order setting forth its final accounting of the surplus funds, awarding each party credits for various expenses related to the acquisition, use and upkeep of the property.

Post trial, Appellee filed her Amended Motion for Attorneys' Fees and Costs. Appellant filed her Amended Response in Opposition to Amended Motion for Attorneys' Fees and Costs. However, Appellant filed no motion for award of fees and costs in the trial court.[1] After an evidentiary hearing, the trial court entered its Order on Plaintiff's Amended Motion for Attorney's Fees and Costs, awarding Appellee fifty percent of her attorney's fees and costs pursuant to the partition statute. No award of a proportionate share of attorney's fees was made in favor of Appellant. This appeal followed.

II.

As to attorneys' fees and costs, Appellant argues the trial court reversibly erred by failing to apportion to Appellee her proportionate share of Appellant's attorneys' fees and costs because section 64.081, Florida Statutes (2018), mandates that the trial court apportion attorneys' fees and

---

[1] Appellant raised her request for a share of attorney's fees and costs in her Answer and Affirmative Defenses, pre-trial stipulation, and in her Amended Response in Opposition to Amended Motion for Attorneys' Fees and Costs.

3

costs among the parties for each party's counsel who performed work that was of benefit to the partition action.[2]

## A.

Our analysis begins with chapter 64, Florida Statutes, which governs actions seeking partition of real property. Section 64.081, Florida Statutes, specifically addresses the apportionment of costs, including attorneys' fees, amongst the parties to a partition action.

> Every party **shall be bound by the judgment** to pay a share of the costs, including attorneys' fees to plaintiff's or defendant's attorneys **or to each of them commensurate with their services rendered and of benefit to the partition**, to be determined on equitable principles **in proportion to the party's interest**. Such judgment is binding on all his or her goods and chattels, lands, or tenements. In case of sale the court may order the costs and fees to be paid or retained out of the moneys arising from the sale and due to the parties who ought to pay the same. All taxes, state, county, and municipal, due thereon at the time of the sale, shall be paid out of the purchase money.

§ 64.081, Fla. Stat. (emphasis added).

Of course, when interpreting statutes, Florida courts "follow the 'supremacy-of-text principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their

_____

[2] Appellant does not appeal the trial court's apportionment of a share of Appellee's attorney's fees to Appellant.

context, is what the text means.'" *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)). "[T]he plainness or ambiguity of [legal text] is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) (citation omitted). "Florida courts also are guided by Justice Joseph Story's view that 'every word employed in [a legal text] is to be expounded in its plain, obvious, and common sense, unless the context furnishes some ground to control, qualify, or enlarge it.'" *Advisory Op. to Governor re Implementation of Amendment 4, the Voting Restoration Amend.*, 288 So. 3d 1070, 1078 (Fla. 2020) (quoting Joseph Story, *Commentaries on the Constitution of the United States*, 157–58 (1833)).

B.

Certainly, section 64.081 requires the trial court to enter a judgment that apportions among "every party" its share of costs, including attorneys' fees, for legal services performed by "plaintiff's counsel, defendant's counsel or each of them" that are "of benefit to the partition[.]" *See* § 64.081, Fla. Stat. This statute, plainly, does not contemplate an award of fees based upon a

5

"prevailing party" theory.[3] *See Whitson v. Advocate 3413, LLC*, 351 So. 3d 174, 174 (Fla. 2d DCA 2022) ("Section 64.081 is not a prevailing party statute.").

Unlike other statutes that grant a statutory right to an award of attorneys' fees, section 64.081 obligates the trial court to enter a judgment that binds all parties to share "the costs, including attorneys' fees to plaintiff's or defendant's attorneys or to each of them commensurate with their services rendered and of benefit to the partition . . . ." § 64.081, Fla. Stat. The statute contemplates not just a right to be enforced, but also a responsibility to be imposed—that is, each party to a partition action has a right to have the other parties share in his or her attorneys' fees commensurate with the services

---

[3] This statute is materially different from numerous other statutes that vest in a party a right to attorneys' fees upon the occurrence of a condition precedent, such as being a "prevailing party." When a party has a statutory right to an award of attorneys' fees, such right can only be given force of law by entry of an appropriate judgment or order of the trial court. The *only* vehicle a party has to seek entry of such an order is to file a *motion*. "An application to the court for an order *must* be by motion which *must* be made in writing unless made during a hearing or trial, *must* state with particularity the grounds for it, and *must* set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. All notices of hearing must specify each motion or other matter to be heard." Fla. R. Civ. P. 1.100(b) (emphasis added). Further, "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both *shall* serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal, which judgment or notice concludes the action as to that party." Fla. R. Civ. P. 1.525 (emphasis added).

that are of benefit to the partition, as well as the responsibility to share in such fees incurred by every other party.

While entitlement (and responsibility) is resolved as a matter of law by the statute, the *amount* of attorneys' fees to be apportioned amongst the parties, however, is within the discretion of the trial court. *Fernandez-Fox v. Reyes*, 79 So. 3d 895, 896 (Fla. 5th DCA 2012). Trial courts are to determine the amount of fees owed by each party upon "equitable principles in proportion to the party's interest." § 64.081, Fla. Stat. "The [apportionment] is based upon the service performed, the responsibility incurred, the nature of the service, the skill required, the circumstances under which it was rendered, the customary charges for like service, the amount involved, and the ability of litigants to respond . . . ." *Fernandez-Fox*, 79 So. 3d at 896 (internal quotations and citations omitted).

In the case *sub judice*, we affirm the trial court's apportionment of attorneys' fees because the record before us does not include a transcript of the hearing on attorneys' fees. Thus, our review is limited to the face of the trial court's order.

> We cannot emphasize too strongly the fundamental principle of appellate review that a trial court's findings and judgment come to a reviewing court with a presumption of correctness, and cannot be disturbed absent a record demonstrating reversible error. The burden is on the appellant to demonstrate

7

reversible error and present an adequate record for review. . . . Without an adequate record of the proceedings below, the appellate court cannot properly resolve factual issues to conclude the trial court's judgment is not supported by evidence or an alternate theory. Moreover, [w]ithout knowing the factual context, neither can an appellate court reasonably conclude that the trial court so misconceived the law as to require reversal. *The trial court's decision could well be supported by evidence adduced at trial [or hearing] but not stated in the judge's order or otherwise apparent in the incomplete record on appeal.*

*Thurman v. Davis*, 321 So. 3d 341, 343–44 (Fla. 1st DCA 2021) (internal quotations and citations omitted). As then-Judge Canady noted for the Second District Court of Appeal, "[t]he appellant has the burden of providing a proper record to the reviewing court, and the failure to do so is **usually fatal** to the appellant's claims." *Esaw v. Esaw*, 965 So. 2d 1261, 1264–65 (Fla. 2d DCA 2007) (emphasis added) (internal quotations and citations omitted).

Without an adequate record before us, we are unable to review the equitable considerations presented to and considered by the trial court bearing on its apportionment of fees and costs amongst the parties. Indeed, it is clear from the record that Appellant disputed Appellees' entitlement to any share of her attorneys' fees and costs. In her Response to Amended Motion for Attorneys' Fees and Costs, Appellant argued, "[a]lthough the

8

Court has discretion in awarding of attorneys' fees, Plaintiff is not entitled to an award of attorney's fees because her behavior during litigation has been equally, if not more, vexatious than Defendant's, and because litigation could have been avoided had Plaintiff simply agreed to take title to the property when offered by Defendant." As a result, at a minimum "the nature of the service [and] the circumstances under which it was rendered" were squarely before the trial court. *See Fernandez-Fox*, 79 So. 3d at 896. In the absence of an adequate record on this issue, we cannot conclude the trial court misconceived the law or abused its discretion in its consideration of the equitable principles presented to it in determining the apportionment of fees and costs.

Florida law has recognized that when a party raises frivolous or vexatious arguments or defenses, a trial court does not abuse its discretion in declining to apportion such a party's fees and costs amongst the other parties to a partition action. *Daugharty v. Daugharty*, 441 So. 2d 1160, 1161 (Fla. 1st DCA 1983).[4] Whether such an occasion occurred here, we simply cannot tell.

---

[4] While the trial court's order seems to suggest Appellant's attorneys also worked to benefit the partition, this introductory clause within the order does so only within the context of concluding that such a finding does not preclude apportionment of attorneys' fees in favor of Appellee. The order is utterly silent as to any equitable considerations considered by the trial court.

> This case may or may not have had a failure of proof. However, it does suffer from the failure of a record, and that is the significant datum for decision purposes. As we have often said, [w]here there is no record of the testimony of witnesses or of evidentiary rulings, and where a statement of the record has not been prepared pursuant to Florida Rule of Appellate Procedure 9.200(a)(3) or (b)[5], a judgment which is not fundamentally erroneous on its face must be affirmed.

*Thurman*, 321 So. 3d at 344 (internal quotations and citations omitted). Finding no fundamental error on the face of the trial court's order, we must affirm.

## C.

Further, Appellant's argument before this Court that section 64.081 mandates a share of her attorneys' fees and costs be apportioned to Appellee is different from her argument presented to the trial court. As mentioned, *supra*, Appellant argued the trial court had the discretion to decline apportioning attorneys' fees and asked the trial court to refuse Appellee's request for a share of attorneys' fees and costs because of vexatious conduct. By her argument before this Court, Appellant has

---

And in the absence of a record of the hearing, we are entirely unable to properly review this issue.

assumed a fundamentally different position than that argued below. This Appellant cannot do.

The Florida Supreme Court has stated this principle clearly in dismissing a petition for review.

> In the end, Petitioner presents this Court with a new theory of liability and fails to make any argument why he should survive summary judgment on the claim that was actually litigated below. Petitioner thus has changed horses in midstream. That doesn't work. A litigant seeking to overturn a lower court's judgment may not rely on one line of argument in the trial court and then pursue a different line of argument in the appellate courts. Absent fundamental error, arguments must be preserved to be heard in appellate proceedings. Appellate review is therefore limited to the specific grounds argued in the lower tribunal. A prerequisite for prevailing on an argument in this Court is that the same argument was presented in both the trial court and the district court.

*Sanchez v. Miami-Dade Cnty.*, 286 So. 3d 191, 195 (Fla. 2019) (internal quotations and citations omitted).

### III.

The trial court's partition of the subject property and its final accounting and distribution of proceeds are affirmed.

It is so ordered.

JAY and MACIVER, JJ., concur.

11